CRANEY *v.* TRAYLOR.

[No. 27,130. Filed October 15, 1938.]

*Padgett & Rogers,* and *Dobbyn & Lehman,* for appellant.

*Stephen E. Myers,* and *William E. Jenner,* for appellee.

PER CURIAM—Appellant and appellee were candidates on the Democratic ticket for the nomination of township trustee of Barr Township, Daviess County, Indiana, at the primary election held on May 3, 1938. That at this election the precinct election board received and counted for appellee two hundred and fifty-five votes and received and counted for appellant two hundred and fifty-five votes. That on the 6th day of May, 1938, appellant and appellee having received an equal number of votes the county board of canvassers determined by lot as provided by statute, Sec. 29-1903 Burns' Ann. St. 1933, §7252 Baldwin's 1934, that Joseph H. Craney, appellant, herein had been duly nominated. Thereafter this contest was instituted and submitted to the court and the court found and determined that the appellee herein had received two hundred fifty-one votes and that appellant received two hundred fifty votes, and that the contestor, appellee herein, was entitled to be declared nominated for such trustee and judgment was so entered.

Appellant challenges the ruling of the court in counting for contestor over his objections ballots marked exhibits A, B, C, D, E, F, G, H, I, J, K, L, M, N, O, P, Q, R, S, T, U, V, W, and X, and also in refusing to count ballots marked exhibits 1, 3, 18, 19, 22, 35, and 36.

Appellee assigns cross-errors and complains of the court's ruling in counting ballots marked exhibits 2, 4, 5, 7, 9, 10, 12, 20, 23, 27, 28, 31, 33, 37, and 39, counted for appellant.

The only question therefore presented by this appeal

is the correctness of the court's ruling on the challenged ballots.

Contestee challenges the ballot marked contestor's exhibit A. This ballot has a curved mark about one and one-half inches long made by a black lead pencil in the upper center of the ballot in the space for County Surveyor. Appellant relies upon the statement made by this court in the case of *Borders* v. *Williams* (1900), 155 Ind. 36, 42, 57 N. E. 527, wherein the following language is used:

"... ; and, if the elector desires to vote a mixed ticket, he shall omit the mark from the circle inclosing the party device, and indicate his choice of candidates by making a cross in the square immediately preceding their names; and a mark upon the ballot in violation of these provisions shall be treated as a distinguishing mark."

But the court followed this statement by the following observation:

"These provisions of the statute must be construed together in determining when the character provided by law shall be regarded such a distinguishing mark as to invalidate the ballot. It is clear from the law itself that the legislature intended it should be so regarded only when its position upon the ballot makes doubtful the intention of the voter, or casts suspicion upon the integrity of the vote."

There is nothing in the evidence that discloses who or in what manner the curved black pencil mark was placed upon the ballot. It seems clear that there is nothing about this mark that would in any way cast a suspicion upon the integrity of the voter. The voter clearly indicated by a blue cross mark his choice of candidates. We hold that this ballot was properly counted for the contestor.

Appellant next questions contestor's exhibit C, on the ground that this ballot has a distinguishing mark which

invalidates it, and therefore it should not have been counted. The alleged distinguishing mark is a blue mark in the space marked "For Justice of the Peace," at the lower right of the ballot. This mark is a broken line about ⅜ of an inch long and resembles an obtuse angle with the vertex pointing upward. It is not in any voting space. This ballot, we think is controlled by the statement made in the case of *Nicely* v. *Wildey* (1936), 210 Ind. 640, 645, 5 N. E. (2d) 111, in which the court said:

"... ; exhibit 23 has a small blue line drawn across the square opposite the name of Morris Wildey, and it appears that these lines were made accidentally with no design to distinguish the ballots."

So with exhibit C, and this ballot was rightfully counted for contestor.

Contestor's exhibit D has at the top of the ballot a design made with ink. This mark consists of a rectangle about ½-inch long and ¼-inch wide with the base line extended about 1½ inches to the right, and the right end of the rectangle extended downward beyond the base about ½-inch in a wavy design. This mark could not have been made by accident, and constitutes a distinguishing mark that invalidates the ballot. Section 29-1301, Burns' Ann. St. 1933; *Borders* v. *Williams, supra*, p. 42.

Objections to contestor's exhibits E and F, are waived.

Exhibit G is objected to because of alleged improper marking. In the space opposite the name of Charles A. Kidwell there is a small blue mark instead of a cross. An examination of this mark, shows that the mark is a small slanting line from the upper left to the lower right but no line at all across this slanting line. While the statute requires an x after the name

voted for, the voter of this ballot marked the ballot with an exceedingly small x. Some of the lines making the cross being less than one-eighth of an inch long. It is evident from the face of the ballot, and from the manner employed by the voter that in making the very small x that he failed to make the cross opposite this one candidate. But it is of such a character as not to invalidate the ballot. This ballot was rightfully counted for the appellee.

Exhibit H should not have been counted. The marking for the last candidate in the lower right hand corner consists of one slanting line from the upper left to the lower right and crossed by two separate parallel lines from the upper right to the lower left. This is in accord with our holding in the case of *Nicely* v. *Wildey, supra.*

Exhibits I, K, L, O, and W, are marked similar to exhibit H, and for the same reason should not have been counted for contestee.

Objections to exhibit J, are waived.

Exhibit M is marked at number 12 with a check mark with a slanting line crossing the vertical line of the check mark. The small prong attached to the lower end of the vertical line of the check mark can easily be accounted for by a slight scraping of the pencil and does not exhibit any evidence of wrong doing on the part of the voter. This ballot was properly counted.

In exhibit N, the voter, in voting for members of the Advisory Board, three in number, marked with a large x covering the entire space of the three names, instead of making a small x after each candidate's name. This is a distinguishing mark and invalidated the ballot.

Exhibits P and Q are marked with a check mark and

are clearly bad under the authority of *Conley* v. *Hile* (1934), 207 Ind. 488, 510, 193 N. E. 95. But the appellant in his brief waived any question as to these exhibits.

Exhibits R, at 32-44 and 46, is marked with what resembles a letter y but upon examination it appears that the x was completed and from all the other markings on the ballot it appears clear that the failure to make a more complete x was due to carelessness and not with any intention of distinguishing his ballot. This ballot was properly counted.

Exhibit S, at candidate No. 30, is marked with an x but one of the lines has a spur, which could reasonably be accounted for by either an accident or an attempt to retrace the line which was rather dim. We think this ballot was properly counted.

Any question with reference to exhibit T is waived by appellant.

Exhibit U was marked opposite candidate No. 44 with an x. This mark, while rather dim and irregular, due, no doubt, to the roughness of the table underneath the ballot at the time it was marked, nevertheless conforms to the requirements of the statute, and was properly counted.

Exhibit V, is bad for the same reason that exhibits I, K, L, O, and W were held bad, but appellant expressly waived any question as to this ballot.

Exhibit X is clearly irregular and should not have been counted. This ballot was marked with an x but the two top points and the two lower points of the x were each connected with a horizontal bar. But any question as to this ballot is expressly waived by appellant.

Appellants second reason for a new trial is that the court erred in refusing to count for appellant (con-

testee) the following exhibits: ballots Nos. 1, 3, 18, 19, 22, 35, and 36.

Appellant's exhibits Nos. 1, 3, 18, and 36 are clearly mutiliated ballots. In each instance the voter attempted to vote either for the wrong party or in the wrong place, and then attempted to erase the mark and then remarked the ballot. These were rightfully rejected.

Contestee's exhibit 19 is marked with an x immediately before the name of the candidate instead of in the space to the right of the name. This is not in conformity with the statute and constitutes a distinguishing mark and was properly rejected.

On contestee's exhibit 22, the voter marked with an x immediately below the name of the candidate for County Councilman, third district. This mark is not in conformity with the statute and constitutes a distinguishing mark and was properly rejected.

Contestee's exhibit No. 35 is marked with an x opposite the candidate's name. It appears that the voter attempted to make the x so that the x would cross on the line, but in some instances the lines would intersect slightly above the line and others the intersection would be slightly below the line. Taking the manner in which the ballots were printed, the intention of this elector is clear. The markings themselves testify to the honest intention of the voter. This ballot should have been counted.

Appellee by cross-errors questions certain ballots counted for appellant (contestee).

Exhibits Nos. 2, 20, and 37 counted for contestee are bad for the same reason as given for holding bad exhibits K, L, O, and W. In exhibit No. 20, opposite the name of Charles Kidwell, candidate for County Treasurer, the mark is a letter v upside down which also invalidates this ballot.

Exhibit No. 4, counted for contestee, is bad. In the space opposite the name of the candidate for Congress is an x and immediately under the x is one straight slanting line. This constitutes a distinguishing mark and invalidates this ballot.

Exhibit No. 5, counted for appellee, is a legal ballot. While the x marks are not perfect yet the imperfections are clearly due to inadvertance or carelessness in completing the x. We think this ballot was properly counted.

Exhibit No. 7, counted for contestee, is not good. In the space opposite the name of a candidate for Advisory Board, the lower points of the x are connected with a horizontal line, and in the space immediately below is a mark like the figure 4. These marks could not be the result of bad eye sight, or made by accident, and they constitute distinguishing marks and should not have been counted.

Exhibits Nos. 9, 10, 12, 23, 27, 31, 33, and 39 counted for appellant are challenged by cross-errors. We have examined these ballots and find no substantial reasons for not counting these ballots. We think they were properly counted.

Exhibit No. 28 should not have been counted. The ballot shows an attempted erasure as in Exhibits Nos. 1, 3, 18, and 36. This ballot should not have been counted.

To summarize our efforts, we find of the ballots challenged by contestee and counted for contestor, eight were counted that should have been rejected.

Of the exhibits offered by contestee and rejected by the court, one of such ballots should have been counted for contestee.

Of the exhibits that were counted for contestee, and objected to by contestor, we find that six of such ballots should not have been counted.

The result is that contestee received 245 legal votes and contestor received 243 legal votes.

Judgment reversed with instructions to the trial court to enter judgment for appellant and to certify the name of Joseph H. Craney to the election commissioners as the duly nominated candidate for township trustee of Barr Township, Daviess County, Indiana.