WADE v. McKIBBEN

[No. 28,329. Filed March 22, 1948.]

*Fred Dobbyn,* of Washington, and *Mellen & Mellen,* of Bedford, for appellant.

*Tucker & Tucker,* of Paoli, *Joseph Smith,* of Loogootee, and *Owen S. Boling,* of Indianapolis, for appellee.

YOUNG, J.—Appellant and appellee were candidates for the office of County Commissioner, First District, of Martin County, Indiana, at the November, 1946, election. Appellant was the Democratic nominee and appellee was the Republican nominee. The official count of the votes cast at said election showed each of said candidates to have received 2300 votes. Each filed a petition for recount and appellant commenced this action to contest the election on account of alleged mistake in the official count of votes. On the re-count the commissioners found that appellant had received 2287 votes and that appellee had received 2290 votes.

In the trial of said cause, it was stipulated that appellant had received 2263 votes and appellee 2259 votes, as to which there was no controversy.

The controversy arose over 42 ballots marked exhibits 2 to 43, both inclusive, offered and claimed by appellant, and 35 ballots marked exhibits B to Y, both inclusive, and A-1 to K-1, both inclusive, offered and claimed by appellee. Of the 42 votes so offered by appellant 21 were counted by the court and 21 were not counted, and of the 35 votes offered by appellee 28 were counted and seven were rejected, and it was found by the court that appellant had received 2284 votes and appellee had received 2287 votes and that, therefore, appellee had received a plurality of three votes and should be, and was, declared elected.

As to one ballot only (exhibit B) there was oral testimony. There was a long tear lengthwise of this ballot. The tear started about one-half inch below the Republican circle, at the top of the ballot and ran downward through almost all of the Republican column to about two inches from the bottom edge of the ballot. The oral testimony explains this condition and under what circumstances it was placed in the ballot box. The oral testimony, however, was not material in determining the validity of such ballot. It was and will be judged upon what appeared on the face of the ballot.

The only controversies between the parties grow out of facts appearing on the face of the ballots and upon such a record this court has held that it is within the jurisdiction of this court to weigh the evidence and direct such a judgment or decree as may be proper, particularly where such procedure is requested by the parties. *Lumm* v. *Simpson* (1934), 207 Ind. 680, 684, 194 N. E. 341; *Conley* v. *Hile* (1934), 207 Ind. 488, 496, 499, 193 N. E. 95.

In the case before us the appellant in its brief specifically points to the fact that the only controversies

between the parties concern 77 questioned ballots and grow out of facts appearing on the face of the ballots, and appellant asserts that this court has the right "to weigh the evidence and direct such a judgment or decree as may be proper" and definitely "requests that this court pass upon the merits of the ballots involved." We will, therefore, examine the ballots in controversy and determine the vote to which each of the parties is entitled, as we have done in similar cases in the past, *Conley* v. *Hile, supra; Lumm* v. *Simpson, supra; Nicely* v. *Wildey* (1936), 210 Ind. 640, 5 N. E. 2d 111.

With four exceptions (exhibits 17, 18, 41 and 42), the identical ballots in controversy in this case were also involved in the case of *Dobbyn* v. *Rogers,* decided by this court on January 8, 1948, 225 Ind. 525, 76 N. E. 2d 570. They carry the exhibit numbers of that case as well as the exhibit numbers in the case before us, and therefore can be identified in the opinion in that case. The grounds upon which some of them were held good or bad in that case are determinative here. Where this is true we will accept and follow the view we took of them in that case. Others must be considered here upon grounds not applicable in that case. As to such ballots we will give independent consideration here. In doing this we will look primarily to the rules prescribed in § 301, ch. 208, Acts of 1945, which appears as § 29-5218, Burns' 1933, 1945 Supp. In speaking of this statute hereafter in this opinion, we will speak of it as the statute. In applying the statute and considering the ballots we will have in mind certain general rules established by this court, which we find well stated in *Conley* v. *Hile, supra,* in the following language:

> "While the statutes seek to keep the voter's ballot secret, so as to prevent corruption in elections, its primary purpose is to provide a means for the

selection of officers by the free and untrammeled choice of honest, qualified voters; and, while a ballot which is intentionally mutilated, or on which the marking does not occur in the space provided by statute, or which is marked with characters other than those provided by statute, cannot be counted regardless of the apparent honesty and good intention of the voter, ballots will be counted which indicate an effort to comply with the statutory requirement as to the manner of marking, notwithstanding variation from the mark made by the average individual caused by unskillfulness, physical infirmity, bad eyesight, or light, or conditions not conducive to accuracy; and where markings are in the proper place, and there is an effort to make the statutory cross-mark, irregularities in the marking will be attributed to those causes unless the ballot upon its face fairly imports an intentional dishonest purpose."

Of the 21 ballots offered by appellant which were not counted, six, namely exhibits 8, 9, 11, 14, 20 and 28, were offered in evidence in *Dobbyn* v. *Rogers, supra,* as appellant's exhibits 30, 29, 23, 26, 21, and 13 respectively, and this court held for reasons that went to the validity of the ballots as a whole that they should not be counted. Upon the authority of *Dobbyn* v. *Rogers, supra,* and for the reasons stated in the opinion in that case, we hold that exhibits 8, 9, 11, 14, 20, and 28 in this case properly were not counted.

Exhibits 3, 24, 36, 38, and 16 in this case were rejected and not counted. These same ballots were before this court in *Dobbyn* v. *Rogers, supra,* as appellant's exhibits 36, 17, 3, and 1, and appellee's exhibit 32, and were held valid ballots and were counted in that case. The same questions were urged there as here. Upon the authority of *Dobbyn* v. *Rogers, supra,* and for the reasons therein stated, we hold exhibits herein numbered 3, 24, 36, 38 and 16 should have been counted in this case.

Exhibits 5, 6, 7, 17, 18, 27, 39, 41, 42, and 43 were ballots which were either not involved in *Dobbyn* v. *Rogers* or were considered upon grounds not applicable in the case before us.

Exhibits 5, 6 and 7 were ballots offered by appellant and all three were rejected and not counted by the trial court. Exhibits 5 and 7 had only one clerk's initials on the back of the ballot. The statute, Acts of 1945, ch. 208, § 251, p. 845 requires that both clerks' initials show on the back of each ballot and this court has held in *Conley* v. *Hile, supra,* and *Dobbyn* v. *Rogers, supra,* that ballots showing initials of only one poll clerk on the back should not be counted. Exhibit 6 was a ballot offered by the appellant upon which there appeared a cross-mark in the large circle at the top of the Democratic column and another cross in the circle at the top of the column marked Prohibition Ticket. Such marking constituted distinguishing marks and invalidated this ballot. These three ballots will not be counted.

Exhibit 17 was a ballot with no markings in the circles at the heads of the respective tickets but with six cross-marks opposite but not within or touching the squares in front of the names of candidates. There is a seventh cross-mark in front of the name of the appellant as candidate for County Commissioner, First District. This cross-mark is not within the square in front of Mr. Wade's name, but the upper left arm of the cross-mark touches the upper right corner of the square. This ballot was not counted by the trial court. The six cross-marks, which are not within and do not touch the squares in front of the names of the candidates, are distinguishing marks under the 1945 statute, *Dobbyn* v. *Rogers, supra,* on page 584 (57) of 76 N. E. 2d; *Conley* v. *Hile, supra,* at

p. 509 (32), in 207 Indiana. Section 301, of the 1945 statute provides that the whole ballot is void if the voter makes any mark thereon other than a cross-mark in a voting square or circle, or other than the writing in of a name for the purpose of voting. The six cross-marks referred to fall within this section of the statute and render this whole ballot void. It is true that Rule 7, of the statute provides that if a pencil mark touches a circle or square, it shall be counted on such circle or square, and the upper left prong of the cross-mark in front of Mr. Wade's name on this ballot does touch the upper right corner of the square. If the ballot were otherwise valid the cross-mark in front of Mr. Wade's name, because it touches the square, would let us count the ballot, but this provision of the statute must be read in connection with the other provision which says, that the whole ballot is void if the voter makes any mark thereon other than a cross in a voting square or circle. The six cross-marks, in addition to the cross-mark before the name of Mr. Wade, do not touch any square or circle, and, under the statute, these cross-marks render the whole ballot void. This ballot, therefore, will not be counted.

Exhibit 18 was a ballot offered by the appellant and not counted by the trial court. In the circle above the Republican ticket, there has been sufficient erasure to wear a hole entirely through the paper of the ballot. Appellant contends that it looks more like a defect in the paper than the result of an erasure. To us it seems clear that there has been an erasure and this erasure is a distinguishing mark and mutiliation which renders the ballot void under Rule 8, of the statute. It was properly rejected and will not be counted.

Exhibit 27 is a ballot with a cross in the circle at

the top of the Democratic column. There are no marks in any of the squares in the Democratic column, but, in the square opposite the name of the candidate for Congress, in the Prohibition column, there is a cross. Rule 6 of the statute, which was controlling at the time of this election, has to do with ballots marked in the circle at the top and also in squares opposite the names of candidates, but it does not specify what shall be done with a ballot marked as this one is. We are of the opinion that the marking of exhibit 27 in the manner described was not for the purpose of distinguishing this ballot but that it indicates an honest effort to comply with the law and an intent of the voter to vote the entire Democratic ticket, except as to representative in Congress where his intent was to vote for the Prohibition candidate. It seems to us that this ballot should have been counted for the representative in Congress on the Prohibition ticket and for the Democratic candidates for all other offices, including the appellant herein. The same question was before this court upon another ballot in the Dobbyn v. Rogers case (appellant's exhibit 1 in that case), at pages 581 and 582 of 76 N. E. 2d, and held good under the statute in force at the time of the 1946 election. We follow the result and the reasoning leading to the conclusion reached in that case.

Exhibit 39 is a mixed ballot and it is claimed that the mark in the square before appellant's name is a "Y." We have examined this mark closely and find that the lines cross and the mark is a cross and not a "Y." The mark has been carelessly made, as all the marks upon this ballot. But what is claimed to be a "Y" is, in fact, a cross and the ballot as a whole indicates a good faith effort to comply with the statutory requirement as to manner of marking. It will be counted.

Exhibit 41 is a mixed ballot offered by appellant. In the square opposite the name of the candidate for coroner on the Republican ticket there is a cross-mark with a solid blue circle over the cross-mark.

Rule 1 (d) of the statute says that an erasure or a mark other than a cross mark in a voting square shall not make the ballot void but shall render it blank as to the office in connection with which it is made. However, in *Dobbyn* v. *Rogers, supra,* a ballot (identified there as appellee's Exhibit 40 and discussed on page 579 of 76 N. E. 2d) was marked almost exactly as exhibit 41 in the case before us is marked. There it was held that the blue spot was more than an erasure or a mark and amounted to a distinguishing mark and that the ballot should not be counted. Also under *Conley* v. *Hile, supra,* at p. 501, this ballot would be held invalid. Upon authority of these cases exhibit 41 will not be counted.

Exhibit 42 is a ballot offered by appellant. There is no mark in any of the circles at the top of the several party columns, but there are cross-marks in several of the squares opposite the names of the candidates for different offices in the Democratic column. In the square in front of the candidate for assessor, there is a slight blur and a light line extending down from the middle of the square across the bottom side of the square a distance of almost a half inch below the bottom line of the square. The light line may have been due to accidentally failing to raise the pencil, or accidentally allowing the pencil to touch the paper, and should not invalidate the ballot. *Conley* v. *Hile, supra,* at p. 511, in 207 Ind. There is no mark across this line and no cross-mark appears in the square. The square has some appearance of being rubbed or erased. Rule 1, of the statute, provides that

an erasure or a mark other than a cross-mark made in a voting square shall not make the ballot void but shall render it blank as to the office in front of which it appears. Therefore, the condition of the square in front of the name of the candidate for assessor on this ballot does not render the entire ballot void. There is a proper cross in the square in front of the name of appellant and this ballot should be counted for him.

Exhibit 43 is a mixed ballot. A cross appears in the square in front of appellant's name and in the square in front of appellee's name a single line appears. It is about the size and density of one of the straight lines used to make the crosses placed in other squares upon this ballot. It is a mark other than a cross in a voting square and, applying Rule 1, of Section 301, of the 1945 Election Code, this mark renders this ballot blank to the office of commissioner for the First District and should not be counted.

We have examined the 21 ballots, which were offered and claimed by the appellant and not counted. As indicated above, of these 21 ballots not counted we are of the opinion that eight of them were valid ballots, so far as the appellant in this case is concerned, and should have been and will be counted.

Of the 21 ballots offered by the appellant which were counted by the trial court exhibits 2, 4, 12, 13, 23, 26, and 29 were before this court in *Dobbyn* v. *Rogers, supra,* as appellant's exhibits numbered 37, 35, 24, 25, 18, 15, and 12 respectively, and for reasons going to the validity of the ballot as a whole were held to be faulty and were not counted, and upon that authority and for the reasons therein stated, we hold that these ballots marked exhibits 2, 4, 12, 13, 23, 26, and 29 should not have been counted in the case now before us.

Exhibits 19, 21, 22, 25, 30, and 40 were presented in *Dobbyn* v. *Rogers, supra,* as appellant's exhibits 22, 20, 19, 16 and 11, and appellee's exhibit 9 respectively, and for reasons equally applicable to the case before us it was held that they should be counted. Upon that authority and for the reasons therein stated, we hold appellant's exhibits herein numbered 19, 21, 22, 25, 30, and 40 were properly counted.

Of the 21 ballots offered by appellant, which were counted for the appellant by the trial court, eight, namely, exhibits 10, 15, 31, 32, 33, 34, 35 and 37 were involved in *Dobbyn* v. *Rogers, supra,* but were not ruled on upon such grounds as to constitute a precedent to be followed in the case before us, and, we will, therefore, consider each of these ballots upon its merits, and without regard, to what was done with reference to it in the Dobbyn v. Rogers case.

Exhibit 10 is a mixed ballot and a cross-mark was placed in the square in front of appellant's name. We find nothing upon this ballot which would be any ground for failure to count same. It will, therefore, be counted for the appellant.

Exhibit 15 did not contain a cross in any of the circles but was a straight Democratic ballot by marks in the squares opposite each of the Democratic nominees. These marks were carelessly made and in some instances the lines do not appear to have crossed. But the marks in the square before the name of the appellant is a cross, although the cross line just barely extends beyond the other line. We think the ballot was properly counted for appellant by the trial court and it will be so counted here.

Exhibit 31 is a straight Democratic ballot. There is a perfect cross-mark in the circle at the head of the

Democratic column but between the upper arms of the cross-mark, and close to the right upper arm, there is a dot. This mark may well have been made accidentally in marking the ballot. It can be explained as due to carelessness. *Spaulding* v. *Romack* (1916), 185 Ind. 105, 113, 113 N. E. 229. It was counted by the trial court and we are not disposed to disagree, and it will, therefore, he counted here.

Exhibit 32 is a straight Democratic ballot. Upon the lower part of the ballot are two slightly curved marks, made with a blue pencil. One of them is more distinct than the other. These marks may well have been made carelessly as the voter was folding his ballot. The trial court did not regard them as distinguishing marks and we are not disposed to do so. The ballot, therefore, should be and will be counted for the appellant.

Exhibit 33 is a straight Democratic ballot. No defect in this ballot has been pointed out to us. We have examined it and find no defect or reason why same should not be counted. It will, therefore, be counted.

Exhibit 34 is another straight Democratic ballot. Again no defect in this ballot has been pointed out to us and we find none, and the ballot should be and will be counted.

Exhibit 35 is a mixed ballot, with a cross in the square before appellant's name. No defect in this ballot has been pointed out and we find none and the ballot should be and will be counted.

Exhibit 37 is a straight Democratic ballot. In the cross-mark placed in the circle at the top of the Democratic column, the upper right arm seems to be double. This double line may have been made by a split pencil or carelessly by the voter in marking his ballot. It does not appear to us to in-

dicate any intent to put a distinguishing mark upon the ballot. We think this ballot should be counted.

Of the 21 ballots offered by appellant and counted by the trial court, we have shown above that seven of them should not have been counted and 14 should have been counted.

We now come to a consideration of the 35 disputed ballots which were offered by the appellee, 28 of which, namely, exhibits B, D, H, I, J, K, L, M, N, O, P, Q, S, T, U, W, X, Y, A-1, B-1, C-1, D-1, F-1, G-1, H-1, I-1, J-1, and K-1 were counted. All of these, except J-1 and K-1, were before this court in the case of *Dobbyn* v. *Rogers, supra.* Exhibits B and A-1 in this case were identified as appellee's exhibits 24 and 10, respectively, in *Dobbyn* v. *Rogers, supra.* This court held they should not be counted in Dobbyn v. Rogers upon grounds which went to the validity of said ballots as a whole. Therefore, upon the authority of *Dobbyn* v. *Rogers* and for the reasons therein stated, we hold that exhibits B and A-1 should not have been counted.

Exhibits J, N, O, S, W, X, B-1, C-1, D-1, F-1, G-1, and I-1 were before this court in the case of *Dobbyn* v. *Rogers, supra,* and identified in the opinion in that case as appellee's exhibits 31, 27, 25, 19, 15, 13, 8, 7, 6, 4, 3 and 1, respectively. For reasons going to the validity of these ballots as a whole, and not limited to the pair of candidates thereon, this court held that they were all good ballots and should be counted. Substantially the same objections have been urged here as there. Upon the authority of *Dobbyn* v. *Rogers,* and for the reasons therein stated, we hold that exhibits J, N, O, S, W, X, B-1, C-1, D-1, F-1, G-1, and I-1 were properly admitted and should be, and will be, counted for appellee in this case.

Exhibits D, H, I, K, L, M, P, Q, T, U, Y, and H-1 were before this court in *Dobbyn* v. *Rogers, supra,* identified as appellee's exhibits 35 and 30, appellant's exhibits 10 and 6, appellee's exhibits 29, 28, 22, 21, 18, 17, 12, and 2 respectively, but the validity of said ballots, as a whole, were not so decided in Dobbyn v. Rogers as to constitute a fair precedent for us to follow in the case before us. We will, therefore, consider each of the 12 ballots separately and independently.

Exhibit D is a mixed ballot. The complaint is made that the mark in square opposite the name of appellee is not a cross. A careful examination of this ballot shows that while one line does not extend far beyond the other line it does cross it and the mark is a cross as required by law, and, therefore, the ballot should be and will be counted.

Exhibit H is a mixed ballot. In the squares in front of the names of two candidates the mark is a series of crosses imposed upon each other and appellant contends that this marking constitutes a distinguishing mark. The cross before the name of appellee is clear and distinct and, under Rule 1(d) of the statute, markings in other squares serve only to render the ballot blank as to the offices before which such improper markings appear and do not render the ballot invalid as to appellee. It was and will be counted for appellee.

Exhibit I is a mixed ballot but with a cross in the square before the name of the Democratic candidate for representative in Congress and one in the square before the Prohibition representative in Congress. It is claimed that this marking distinguishes the ballot and makes it bad. Under Rule 5 of the statute the ballot should not be counted for such office, but it has a cross before the name of appellee

and we think this ballot was properly counted for appellee.

Exhibit K was a mixed ballot. In two of the squares before the names of candidates for whom the voter attempted to vote, are marks that are not crosses. It is difficult to describe them, but each square has a line upward between the upper arms of what might otherwise be considered a cross, and on one square the mark is a "V" and not a cross. The markings in all the other squares are clear and distinct crosses, including the mark in the square before the name of appellee. Rule 1 of the statute provides that a mark other than a cross in a voting square shall not make the ballot void but render it blank only as to the office in connection with which it is made. We hold, therefore, that this ballot should be and will be counted for appellee. The alleged distinguishing marks are all in voting squares and the ballot therefore, is not void as a whole, but only as to the offices in connection with which such marks were made.

Exhibit L has a cross in the circle at the top of the Republican column. It also has a cross in the square before the name of the first candidate at the top of the Republican column. It is claimed that the cross in the square in front of the name of the first candidate cancelled the mark in the circle at the head of the party column and that, therefore, the ballot should not have been voted for appellee. Rule 6 of the statute provides that, "If the voter shall have made such mark (a cross) in the circle above a party column and also in a voting square . . . in the same column, without having made a voting mark in any other column . . . such individual voting marks shall be treated as surplusage and the mark in the circle shall be counted as a vote for each candidate named

in such column." Exhibit L falls exactly within this language and the vote was properly counted and will be counted for appellee.

Exhibit M is an absent voter's mixed ballot. The only fault found with this ballot is that the marking in front of appellee's name is not a cross but is only a blur. It is somewhat blurred but a close examination unmistakably reveals a cross and reflects a substantial effort to comply with the statute. This ballot was properly counted and we will count same.

Exhibit P is a mixed ballot. It is claimed that the mark in the square in front of appellee's name is not a cross but more like the letter "V." This mark is very clearly and distinctly a cross and the ballot was properly counted for appellee.

Exhibit Q is a straight ballot, with a cross in the circle at the top of the Republican column. It is claimed that there is a vertical line between the arms of the cross on the right side. This can hardly be dignified by calling it a line. It is very light, not over a 16th of an inch long, and it seems to us it was made by carelessly touching the point of a pencil to the paper after finishing the cross. We think the ballot should be counted.

Exhibit T is a straight Republican ballot. The cross in the circle over the Republican column shows that apparently there were two lines, one over the other, except at the extreme upper end the second line is not quite exactly imposed upon the first line. This can be accounted for readily by the assumption that the voter after making one line attempted to make it more clear by imposing another line upon it, but carelessly failed to make the two lines coincide at the upper end. We consider that the slight irregularity in this cross was through in-

advertence or carelessness and was not deliberate or for the purpose of special identification. The ballot indicates to us an honest effort by the voter to comply with the law and his choice of candidates may be clearly ascertained. *Borders* v. *Williams* (1900), 155 Ind. 36, 43, 57 N. E. 527, 529. This ballot was properly counted. *Conley* v. *Hile, supra,* at p. 501.

Exhibit U is a straight Republican ballot. Each line of the cross in the circle is double, making, in effect, two parallel lines crossed by two other parallel lines. It is clear that this was deliberately done. It constitutes a distinguishing mark, and this ballot should not have been and will not be counted. *Craney* v. *Traylor* (1938), 214 Ind. 542, 547, 16 N. E. 2d 845; *Roberts* v. *Drake* (1933), 205 Ind. 425, 433, 185 N. E. 285.

Exhibit Y is a straight ballot, with a cross in the circle above the Republican column. Also on the right hand side of the ballot is a blue line, heavy at one end and light at the other. It extends from the edge of the ballot into the circle above the Prohibition column. It seems to us that this is clearly an accidental mark made by the carelessness of the voter in folding or handling his ballot after marking same. It was obviously due to carelessness and not for any illegal purpose. We think the ballot was properly counted.

Exhibit H-1 was a mixed ballot. Its crosses in the squares before the candidates voted for are, in some instances, carelessly made and look more like a "V" askew than a cross. The cross before the name of appellee, however, is not subject to any criticism and if the crosses in other squares were subject to criticism they would make the ballot blank only

as to the offices where such defects appear. Rule 1(d) of the statute. This ballot was properly counted.

Exhibit J-1 is a ballot which was not involved in the *Dobbyn* v. *Rogers* case, *supra*. It was a mixed ballot. A cross mark appears in the square before the name of appellee. One line of the cross is double. The two lines are very close together and exactly parallel. It may have been done by a split pencil. Three other crosses on this ballot have double lines much closer together, which seem definitely to have been made by a split pencil. There is nothing to indicate a purposeful intent to place a distinguishing mark on the ballot. This ballot was properly counted.

Exhibit K-1 is a split ballot, with a cross in the square in front of the name of appellee. There is a cross in the square in front of the name of the Republican candidate for clerk and in the square in front of the Democratic candidate for clerk there is a single line running from the lower left hand corner, almost to the upper right hand corner and this is the only mark in the whole Democratic column. This falls within Rule 1 of the statute, which provides that a mark other than a cross-mark made in a voting square shall not make the ballot void but render it blank only as to the office in connection with which it is made. This ballot, therefore, was not void as a whole but only as to the office of clerk and was properly counted for the appellee.

It appears, therefore, that of the 28 ballots offered by the appellee and admitted in evidence 25 were properly counted and three should not have been counted.

There were seven ballots offered by appellee which were not received in evidence. All of these ballots were before this court in the Dobbyn v. Rogers case. Ex-

hibits R, V, and E-1 are identified in the opinion of that case as appellee's exhibits 20, 16, and 5 respectively, and this court, in that case, held that all of said ballots should have been counted for reasons which are as applicable in the case before us as in *Dobbyn* v. *Rogers*. Therefore, upon the authority of *Dobbyn* v. *Rogers, supra,* and for the reasons therein stated, we hold that exhibits R, V, and E-1 should have been and will be counted.

Exhibit C is a ballot which had a cross in the circle at the top of the Republican column and also had three crosses in squares before the names of candidates in the Republican column and crosses in four squares before the names of candidates in the Democratic column. There was no cross before the name of either the appellant or appellee, and, therefore, the ballot was properly not counted for either of them. Rule 6 of the statute provides that if the voter shall have made a mark in the circle above the party column and in a voting square in the same party column, and also in other column or columns, the votes on the ballot so marked shall be counted only for the persons so specifically indicated. There being no mark before the name of either appellant or appellee, the ballot was properly not counted for either of them.

Exhibit E is identified in the opinion of *Dobbyn* v. *Rogers* case as appellee's exhibit 36 and this court held that it should not be counted, for reasons which are as applicable to the case before us as the case referred to. Therefore, upon the authority of *Dobbyn* v. *Rogers,* and for the reasons therein stated, exhibit E was properly refused and will not be counted.

Exhibit F is a mixed ballot. In the square before the name of appellee a cross is dimly visible but it

has been almost obliterated by pencil marks which practically cover the square and make it almost solid blue. This is clearly within the statute which renders a ballot blank as to the office involved if the voter makes any mark other than a cross in a voting square. This marking of the square in front of the name of appellee rendered the ballot blank as to the office for which the parties hereto are running and the court properly refused to count this ballot.

Exhibit G is a mixed ballot. In the square in front of appellee there is a pencil mark running from the upper right hand corner to the lower left hand corner, with no cross-mark or pretended cross-mark over it. Again, under the statute, this mark rendered the ballot blank as to the office here involved, and the court properly refused to count same.

Recapitulation of the 77 ballots which were in controversy shows that we have held that 22 of them should be counted for appellant, and 28 for appellee, and these ballots, added to the total of ballots which were not in controversy, gives the appellant 2285 votes and the appellee 2287 votes, and we therefore hold that appellee was duly elected county commissioner for the First District of Martin County, Indiana, and that the judgment herein should be affirmed.

Gilkison, J., not participating.

Note.—Reported in 78 N. E. 2d 148.