DOWDEN *v.* BENHAM.

[No. 29,088.   Filed February 8, 1955.]

104

*Vosloh & Vosloh*, of Bloomfield, and *Beasley & Beasley*, of Linton, for appellant.

*J. Raymond Powell*, of Linton, *George E. Jackson*, and *Paul Haywood*, of Bloomfield, for appellee.

EMMERT, J.—This is an appeal from a judgment in an election contest that the appellee, at the general election held in Greene County on November 4, 1952, was elected to the office of County Commissioner for the Second District of said county, for a term of three years from the first day of January, 1953. The finding was that the contestee, appellee herein, received 7,857 legal votes, and that the contestor, appellant, received 7,803 legal votes at said election. The judgment was entered on April 18, 1953, and the transcript was filed in this court August 17, 1953. On August 31, 1954, appellant's reply brief was filed here, and the appeal was distributed by our secretary September 7, 1954. On December 23, 1954, petition to advance was filed, which was granted January 3rd of this year.

Appellant has brought to this court three large boxes containing many two-bushel cloth sacks which apparently contain approximately 16,000 ballots voted in Greene County in the 1952 general election. In one cloth sack, which was tied with a string sealed with something like a small lead buckshot, we find the contested ballots which are assigned as causes for a new trial by appellant in his motion for a new trial.

In a separate roll accompanying the papers in this appeal we found contestee's exhibit Z-1 which purports

to be a certified copy of the report of the Recount ■ Commission. In the same roll appear contestee's exhibits U-1, V-1, W-1, X-1, N-1, O-1, P-1, Q-1, R-1, S-1, Y-1, T-1, which purport to be pages numbered consecutively 349 to 356, inclusive, and pages 378 to 382, inclusive, of the original signed order book pages from the Greene Circuit Court. It is too plain to require citations of authority that these separate documents form no part of the record here, will not be considered by us, and our Clerk is ordered to transmit them to the Clerk of the Greene Circuit Court. Appellee has filed a motion to strike exhibits from the files, part of the motion being directed to exhibits 1 to 16,649, inclusive. It will not be necessary to make a separate ruling upon this motion in view of our decision which disposes of this motion on its merits. We have carefully considered the question of what we may consider part of the record in order to dispose of this appeal on its merits, and in view of the judge's certificate to the bill of exceptions, and the unsettled practice with reference to bringing contested ballots on an election contest into the record on appeal, which we clarify by a rule adopted this date for future appeals, we have decided to determine the questions presented by the briefs on the validity of the questioned ballots assigned as causes for a new trial.

The statutory rules for determining the validity of votes by ballot material to this appeal are as follows:

"Rule 1. The whole ballot is void if the voter (a) does any act extrinsic to the ballot such as enclosing any paper or other article in the folded ballot or (b) defaces or tears the ballot or (c) makes any erasure thereon or (d) makes any mark thereon other than a cross X mark in a voting square or circle, or other than the writing in of a name for the purpose of voting; except that an erasure or a mark other than a cross X mark

made in a voting square shall not make the ballot void, but shall render it blank as to the office, party position or question in connection with which it is made. A cross X mark is any straight line crossing any other straight line at any angle, but no ballot shall be declared void or partially blank because a cross X mark thereon is irregular in form. . . .

"Rule 2. A cross X mark, made by the voter, in a voting square at the left of a candidate's name shall be counted as a vote for such candidate.
" . . .

"Rule 4. If the voter marks more names than there are persons to be elected or nominated for an office, or elected to a party position, or if for any reason it is impossible to determine the voter's choice of a candidate or candidates for an office or party position, or his vote upon a question, his vote shall not be counted for such office or position or upon the question, but shall be returned as a blank vote thereon.

"Rule 5. A cross X mark, made by the voter, in a circle above a column, known as a party column, the voter having made no other mark or writing on the ballot, shall be counted as a vote for each candidate named in such column: Provided, however, if a voter marks in the large circle including the device, he shall not mark elsewhere on the ballot, unless there be no candidate for some office in the list printed under such device, in which case he may indicate his choice for such office by marking the square to the left of the name of any candidate for such office on any other list. A mark on the ballot in violation of this provision shall be treated as a distinguishing mark.

"Rule 6. If the cross X mark touches a circle or a square, it shall be counted as if in such circle or square, but any mark other than a cross X mark in the circle or square, which touches no circle or square shall be treated as a distinguishing mark.

"Rule 7. Any ballot which shall bear any clearly evident distinguishing mark or mutilation shall be void, and shall not be counted, and any

ballot, or part of a ballot, from which it is impossible to determine the elector's choice of candidates, shall not be counted as to the candidate, or candidates, affected thereby." Section 29-5218, Burns' 1949 Replacement (Acts 1945, ch. 208, §301, p. 680; 1947, ch. 156, §1, p. 481.

It has been the policy of this court to give a liberal construction to a statutory provision on recounting votes. In *Conley* v. *Hile* (1934), 207 Ind. 488, 499, 193 N. E. 95, after a review of the decisions, this court said:

"While the statutes seek to keep the voter's ballot secret, so as to prevent corruption in elections, its primary purpose is to provide a means for the selection of officers by the free and untrammeled choice of honest, qualified voters; and, while a ballot which is intentionally mutilated, or on which the marking does not occur in the space provided by statute, or which is marked with characters other than those provided by statute, cannot be counted regardless of the apparent honesty and good intention of the voter, ballots will be counted which indicate an effort to comply with the statutory requirement as to the manner of marking, notwithstanding variation from the mark made by the average individual caused by unskillfulness, physical infirmity, bad eyesight, or light, or conditions not conducive to accuracy; and where markings are in the proper place, and there is an effort to make the statutory cross-mark, irregularities in the marking will be attributed to those causes unless the ballot upon its face fairly imports an intentional dishonest purpose."

See also *Dobbyn* v. *Rogers* (1948), 225 Ind. 525, 76 N. E. 2d 570, and *Wade* v. *McKibben* (1948), 226 Ind. 76, 78 N. E. 2d 148.

Cause number 3 of the contestor's motion for a new trial asserted the trial court erred in refusing to admit in evidence and to count for the contestor certain num-

bered exhibits consisting of forty-four separate ballots. However, in his argument section in his original brief the contestor waives any errors in this cause for a new trial except as to fifteen of these contested ballots which will now be considered by number.

Exhibit number 936 is an absent voter's ballot marked with a lead pencil. An absent voter's ballot is not required to be marked with a blue pencil. ■ Section 29-4910, Burns' 1949 Replacement.[1] However, the voting mark in the circle is made by one line, which has been retraced, extending from top left to lower right, crossed by two parallel lines at least 1/16th of an inch apart at the top, extending from the upper right to lower left. This invalidates the ballot and it was properly excluded. *Nicely* v. *Wildey* (1936), 210 Ind. 640, 5 N. E. 2d 111; *Craney* v. *Traylor* (1938), 214 Ind. 542, 547, 16 N. E. 2d 845.

Exhibit number 1,015 is a straight ballot with a cross in the circle and under the party emblem. At the intersection of the cross the blue pencil was used to make a solid blue shading at least ⅛th of an inch across and 3/16th of an inch high. This is a distinguishing mark voiding the ballot, and the trial court correctly ruled it should not be counted. *Zeis* v. *Passwater* (1895), 142 Ind. 375, 379, 41 N. E. 796; *Wade* v. *McKibben* (1948), 226 Ind. 76, 98, 78 N. E. 2d 148, *supra*.

Exhibit number 3,002 is a straight ballot marked with a cross within the circle containing the party emblem. The ballot is regular on its face in ■ every respect. However, on the back there is a very indistinct cross made with a blue pencil.

1. "Any absent voter exercising the right to cast an absent voter's ballot may mark his ballot or ballots with pen and ink, or lead pencil with any color of lead, and the marking of such ballot in such manner shall have the same force and effect as if it were marked with a pencil with blue lead." Section 29-4910, Burns' 1949 Replacement (Acts 1945, ch. 208, §203, p. 680).

This does not invalidate the ballot, and it should have been counted for the contestor since it has no appearance of being intentionally made by the voter, and could have been due to an accidental touching, or after it had been handed to the inspector for deposit in the ballot box. These faint lines appear on the outside of the back after the ballot was folded with the initials of the poll clerk showing. *Craney* v. *Traylor* (1938), 214 Ind. 542, 546, 16 N. E. 2d 845, *supra*.

Exhibit number 5,248 is a straight ballot marked with a cross within the circle containing the party emblem. However, in the lower left segment of the cross appears an additional blue pencil mark beginning 1/16th of an inch from the intersection and running roughly parallel to the line extending from top to bottom for a distance of ⅛th of an inch. This line appears to have been intentionally made and cannot be explained because of advanced age, bad eyesight or bad light. This ballot was properly excluded. *Conley* v. *Hile* (1934), 207 Ind. 488, 503, 193 N. E. 95, *supra*.

Exhibit 5,253 was a straight ballot with an A placed within the circle containing the party emblem. The horizontal line extends to the right for 5/16th of an inch beyond the right line. This is clearly a distinguishing mark and invalidates the ballot. Rule 1(d), §29-5218, Burns' 1949 Replacement.

Exhibit number 5,684 has a proper cross in each square to the left of each Republican candidate. However, in the circle containing the party emblem at the upper left is a mark made with a blue pencil ⅛th of an inch long. This is clearly a distinguishing mark and invalidates the ballot. *Conley* v. *Hile* (1934), 207 Ind. 488, 510, 193 N. E. 95, *supra*.

Exhibit number 5,685 is a straight ballot with a distinct cross made within the circle. However, in the upper segment there is a faint accidental touching with a blue pencil which is not a part of the cross. This does not invalidate the ballot and it should have been counted. *Wade* v. *McKibben* (1948), 226 Ind. 76, 90, 78 N. E. 2d 148, *supra.*

Exhibit number 8,102 is a mixed ballot. There is no cross within any square to the left of any candidate, but the marks consist of a V with the apex pointing to the left. This invalidates the ballot. *Conley* v. *Hile* (1934), 207 Ind. 488, 510, 193 N. E. 95, *supra; Craney* v. *Traylor* (1938), 214 Ind. 542, 547, 16 N. E. 2d 845, *supra.*

Exhibit number 9,402 is a straight ballot with a large cross within the circle. However, ⅛th of an inch from the lower left stroke is a heavy blue pencil mark extending for ⅛th of an inch. This is clearly a distinguishing mark and invalidates the ballot. *Conley* v. *Hile* (1934), 207 Ind. 488, 510, 193 N. E. 95, *supra.*

Exhibit number 9,404 is a straight ballot with a cross within the circle. About 1/32nd of an inch above the intersection there is a horizontal line with a blue pencil ⅛th of an inch long. This is a distinguishing mark and invalidates the ballot. *Conley* v. *Hile* (1934), 207 Ind. 488, 510, 193 N. E. 95, *supra.*

Exhibit number 9,454 has a proper cross mark within the circle. One stroke shows evidence that it was made with a trembling hand. In the circle containing the Prohibition emblem there was a very faint blue pencil mark apparently made accidentally with no designs to distinguish the ballot. This ballot should have been counted for the contestor. *Nicely* v. *Wildey* (1936), 210 Ind. 640, 645, 5 N. E. 2d 111, *supra;*

*Craney* v. *Traylor* (1938), 214 Ind. 542, 546, 16 N. E. 2d 845, *supra*.

Exhibit number 9,957 is a straight ballot with a cross within the circle. However, from the lower end of the down stroke there extends a distinct pencil line up and to the left forming a loop so that the horizontal cross mark continues without the pencil ever having been raised from the paper. This must have been intentionally made, is a distinguishing mark, and invalidates the ballot. Rule 1(d), §29-5218, Burns' 1949 Replacement; *Roberts* v. *Drake* (1933), 205 Ind. 425, 434, 185 N. E. 285.

Exhibit number 10,416 is a straight ballot with a cross within the circle. One stroke of the cross is wider than the other and could have been made with a faulty point on the blue pencil. There is no separation of the marks of this line anywhere, so that there are no parallel lines. It could have been caused by heavy retracing. This ballot should have been counted for contestor. *Conley* v. *Hile* (1934), 207 Ind. 488, 512, 193 N. E. 95, *supra; Wade* v. *McKibben* (1948), 226 Ind. 76, 94, 78 N. E. 2d 148, *supra*.

Exhibit number 10,417 is another straight ballot. The line extending from the upper left to the lower right has been retraced but there is no separation of the blue marking. Upon the last mentioned authorities, this ballot should have been counted for the contestor.

Exhibit number 14,115 contains a cross within the circle, and a cross in the square to the left of the Republican candidate for Congress. The cross opposite the Republican candidate for Prosecuting Attorney has an additional line parallel with the upper segment of the cross lines. The cross opposite the Republican candidate for State Representative con-

sists of a cross which has been retraced several times on one stroke until it is approximately 1/16th of an inch wide. Under Rule 5, §29-5218, Burns' 1949 Replacement, when a voter marks in the circle containing the party emblem he cannot thereafter mark elsewhere on the ballot unless there be no candidate under the party circle without invalidating the ballot by a statutory distinguishing mark. This ballot was properly excluded.

Therefore, of the fifteen ballots which the contestor asserts should have been voted for him, ten were properly excluded from the evidence and not counted, and five should have been counted for him.

Cause 4 of the contestor's motion for a new trial asserted the court erred in admitting in evidence and counting for the contestee a total of 119 ballots. However, as to some of these he specifically waives error, and we have counted all the ballots, which are eighty-seven (87) in number, which he asserts in his argument were erroneously counted for the contestee.

Exhibit number 768 is a straight ballot, but the mark in the circle consists of a small V or check mark with a blue line touching it at right angles half way along the right segment of the V. This was erroneously counted for the contestee. *Conley* v. *Hile* (1934), 207 Ind. 488, 510, 193 N. E. 95, *supra*.

Exhibit number 1,958 is a straight ballot with markings within the circle. However, the left stroke of the cross has at the lower right end a curved line approximately ⅛th of an inch in length resembling a fishhook. The right stroke of the cross contains several lines similar to a compressed W which were made without taking the pencil off the paper. These lines appear to be intentionally made, and are as far apart as the lines

in Exhibit number 936 which was not counted for the contestor. This ballot is void. *Conley* v. *Hile* (1934), 207 Ind. 488, 504, 193 N. E. 95, *supra.*

Exhibit number 3,773 is a straight ballot. The left stroke is a solid blue line. It is bisected by two lines touching at the ends but spreading apart in the middle for 1/16th of an inch, thus making a design resembling a strung crossbow. This ballot is void. Rule 1(d), §29-5218, Burns' 1949 Replacement.

Exhibit number 4,752 is a straight ballot with lines crossing within the circle. The lines beginning at the upper left spread in the middle for at least 3/32nds of an inch in the form of a strung bow. The mark beginning at the upper right has a loop at the top 1/16th of an inch wide and 1/8th of an inch long. This is a distinguishing mark which makes the ballot void. Rule 1(d), §29-5218, Burns' 1949 Replacement.

Exhibit number 6,590 is a straight ballot with lines approximately 1⅜ inches long. The bottom segments of both lines are separated, forming two distinct inverted Vs, at least ½ of an inch long, the lower right lines being 3/32nds of an inch apart and the lower left lines 1/16th of an inch apart at the bottoms thereof. These lines show as much white between them as an exhibit number 5,248 not counted for the contestor. The ballot is void and should not have been counted for the contestee. Rule 1(d), §29-5218, Burns' 1949 Replacement.

Exhibit number 10,425 is a straight ballot with lines extending across the circle for the full diameter. The left stroke has been retraced, but the right stroke was made with four strokes of the pencil with three distinct lines showing at each end, making a network of blue lines. This line shows as much white as exhibit num-

ber 936, not counted for the contestor. This ballot is void. *Conley* v. *Hile* (1934), 207 Ind. 488, 504, 193 N. E. 95, *supra*; Rule 1 (d), §29-5218, Burns' 1949 Replacement.

Exhibit number 10,426 is a straight ballot. The left stroke is solid for approximately one inch, but the right stroke is in the form of a compressed V extending for 15/16ths of an inch, the bottom lines being separated a little more than 1/16th of an inch. This voids the ballot. Rule 1 (d), §29-5218, Burns' 1949 Replacement.

Exhibit number 11,419 is a straight ballot, the right stroke being solid. It is crossed at the same point by two other separate lines which separate at each end making Vs. This voids the ballot. Rule 1 (d), §29-5218, Burns' 1949 Replacement.

Exhibit number 12,689 is an absent voter's straight ballot, marked with an ordinary lead pencil. The right stroke of the cross is a retraced line, but it is crossed by a network of lines from upper left to lower right which are approximately ⅛th of an inch wide, leaving many severable patches of white. This voids the ballot and it should not have been counted for the contestee. *Conley* v. *Hile* (1934), 207 Ind. 488, 504, 193 N. E. 95, *supra*.

Exhibit number 12,691 is a straight ballot with markings under the party emblem. The right stroke is solid, but the lines extending from left to right are made without raising the pencil from the paper and resemble a deformed W with the concluding stroke being at least 5/32nds of an inch apart. This is a distinguishing mark and voids the ballot. Rule 1 (d), §29-5218, Burns' 1949 Replacement.

Exhibit number 13,761 is a mixed absent voter's ballot, marked with a sharp pointed pen. The marking in

the square opposite the name of the contestee consists of a line from upper right to lower left with a small hook on each end, bisected by parallel lines from upper left to lower right so that the lines look like a narrow parallelogram. This line is not a retraced line and therefore it cannot be counted for the contestee. *Craney* v. *Traylor* (1938), 214 Ind. 542, 547, 16 N. E. 2d 845, *supra*; *Conley* v. *Hile* (1934), 207 Ind. 488, 502, 193 N. E. 95, *supra*.

Exhibit number 14,890 is a straight ballot with a solid line for the right stroke which is crossed by two other separate lines 1/16th of an inch apart at the ends. This invalidates the ballot. Rule 1 (d), §29-5218, Burns' 1949 Replacement.

Exhibit number 16,496 is a mixed ballot. In five of the squares opposite the name of the various candidates we find long blue check marks over which have been put crosses which would have been valid in the absence of the check marks. The right leg of the check marks extend beyond the voting square for distances varying from 5/16th to ⅝ths of an inch. The check marks were intentionally made and constitute more than an erasure or mark in a voting square under Rule 1 (d). They are clearly distinguishing marks under Rule 7 and should not have been counted for the contestee.

Exhibit number 240 is a straight ballot. Within the circle appear three distinct marks, the stroke from right to left being one line, intersected by a line from upper left to lower right, which is also touched before the intersection by another distinct line making a narrow Y. This ballot should not have been counted for contestee. Rule 1 (d), §29-5218, Burns' 1949 Replacement.

Exhibit number 2,008 is a straight ballot. The stroke from right to left is one line, but it is intersected by a line from upper left beginning with a slight spur, and on its lower extremity the pencil was not raised but returned to the point of intersection without touching the down line, thus forming a closed loop 1/8th of an inch long and 1/16th of an inch wide. This invalidates the ballot and it should not have been counted for the contestee. Rule 1(d), §29-5218, Burns' 1949 Replacement.

Exhibit number 5,689 is a straight absent voter's ballot marked with an ordinary lead pencil. The line from left to right is a solid retraced line, but it is intersected by two lines forming a narrow V with the top lines 1/16th of an inch apart. This invalidates the ballot. Rule 1(d), §29-5218, Burns' 1949 Replacement.

Exhibit number 6,897 is a mixed ballot. In the square opposite contestee, the line from right to left is solid, but it is intersected by two other lines from left to lower right which form a distinct loop 3/8ths of an inch long and 1/16th of an inch wide at its widest point. This is not an "irregular" cross, and it should not have been counted for contestee. Rule 1(d), §29-5218, Burns' 1949 Replacement.

Exhibit number 13,572 is a straight ballot. The line from the upper right to lower left is a solid blue line, which is intersected by two distinct lines from upper left to lower right. These are not imperfectly retraced lines, and the ballot should not have been counted for contestee. Rule 1(d), §29-5218, Burns' 1949 Replacement; *Conley* v. *Hile* (1934), 207 Ind. 488, 510, 193 N. E. 95, *supra*.

We find no error by the trial court in counting for the contestee exhibits numbered

| | |
|---|---|
| 472 | 2,595 |
| 727 | 3,139 |
| 736 | 3,490 |
| 757 | 3,992 |
| 769 | 4,754 |
| 775 | 5,681 |
| 823 | 5,938 |
| 939 | 6,954 |
| 1,307 | 10,423 |
| 1,516 | 13,462 |
| 2,369 | 13,967 |
| 2,370 | 15,171 |
| 2,490 | 15,593 |
| 2,561 | 12,982 |

The imperfections in the marking are not sufficient to justify discussing any separately. Some have soiled places caused by the ballot coming in contact with the blue pencil marking when folded. Some have crosses with retraced lines which are imperfect but not sufficient to be distinguishing marks. Some slight flaws have been caused by an unsteady hand or poor coordination or bad eyesight, while others were due to the nature of the pencil. The cross on exhibit number 12,982 was clearly caused by marking the ballot on some sort of a rough surface. These 28 ballots were properly counted for contestee.

Exhibit number 702 is a straight absent voter's ballot marked with an ordinary lead pencil. The top part of the cross is good, but the lower left segment has a spur extending for 1/2 inch and terminates 1/8th of an inch from the through line, while the lower right segment discloses a network of three lines, one extending for 1/2 inch. These constitute distinguishing marks, and the ballot should not have been counted for contestee. Rule 1(d), §29-5218, Burns' 1949 Replacement.

Exhibit number 8,776 is a straight ballot. The mark from right to lower left is one line, but it is crossed near the center by two lines almost parallel and 1/16th of an inch apart in the middle, which extend for ¾ths of an inch before coming in contact with each other near the ends thereof. This ballot is invalid. Rule 1(d), §29-5218, Burns' 1949 Replacement.

Exhibit number 12,983 is a straight ballot. The line of the cross from left to lower right was made with a trembling hand, and although it was retraced in an imperfect manner, it cannot be a distinguishing mark and it was properly counted for contestee. *State ex rel.* v. *Thornburg* (1912), 177 Ind. 178, 191, 97 N. E. 534.

Exhibit number 13,238 is a straight ballot marked with a cross. At the end of the upper left segment is a spur extending for ¼th of an inch at an angle with the lines separated 1/16th of an inch at the end of the spur. This was made by intention and the ballot is invalid. Rule 7, §29-5218, Burns' 1949 Replacement.

Exhibit number 15,153 is a straight ballot, marked with a cross within the circle. The lower left segment has a slight spur at its end which does not invalidate the ballot, but the lower right segment has a long bow made by two separate lines. This is a distinguishing mark and the ballot should not have been counted for contestee. Rule 7, §29-5218, Burns' 1949 Replacement.

Exhibit number 693 is a straight ballot. It is marked with a small cross in the circle made by light pressure on a blue pencil. The lower left segment was retraced, but the lines are not separated and the ballot was properly counted for contestee. *Wade* v. *McKibben* (1948), 226 Ind. 76, 94, 78 N. E. 2d 148, *supra.*

Exhibit number 1,195 is a straight ballot. The line from right to lower left is good but it is crossed by two

lines in the form of a V, with the two lines joining at the bottom of the lower right segment. This ballot is invalid and should not have been counted for contestee.

Exhibit number 1,960 is a straight ballot. The line from upper left to lower right was retraced in its upper segment, but the pencil, after it crossed the other line, deviated a short distance from the original line. This is so light it does not invalidate the ballot and it was properly counted for contestee.

Exhibit number 7,063 is a straight ballot. A cross was properly made, but the line from upper left to lower right has joining it another line, thus making a horizontal V. However, the separation of the lines is so slight that the ballot is good, and was properly counted for contestee.

Exhibit number 7,064 is a straight ballot. The cross is imperfectly executed with a blue pencil with a faulty point. However, under a magnifying glass the lines appear to cross, though the line to the lower right is dim. The ballot is good and properly counted for contestee. *Wade* v. *McKibben* (1948), 226 Ind. 76, 86, 78 N. E. 2d 148, *supra.*

Exhibit number 7,552 is a mixed ballot. The cross in the square opposite contestee is made by a straight line from left to lower right, intersected by a line from upper right to lower left, which has at the lower end thereof a spur line joining the first cross line. This was intentionally made, constituting a distinguishing mark, and the vote was erroneously counted for contestee.

Exhibit number 8,774 is a straight ballot. The line from left to lower right was properly retraced, but it is intersected by two lines in the form of a narrow inverted V which invalidates the ballot so that it was improperly counted for contestee.

Exhibit number 9,147 is a straight ballot. Within the circle appear three lines in the clear form of a figure 4. This invalidates the ballot and it was error to count it for contestee.

Exhibit number 12,241 is a mixed ballot. There is a cross in the square to the left of contestee, but the line from right to lower left has a distinct spur thereon which could only have been made by intention, which invalidates the vote for contestee.

Exhibit number 13,628 is a straight ballot marked with a cross. There is a very faint blue line running from the ends of the upper left and lower left segments of the cross. This does not invalidate the ballot and it was properly counted for contestee. The tear in the center of the ballot was caused by the ballot being pulled after it was strung .during the counting by the precinct board. *State ex rel.* v. *Thornburg* (1912), 177 Ind. 178, 187, 97 N. E. 534, *supra.*

Exhibit number 16,154 is a straight ballot. Near the beginning of the line from left to lower right is a distinct spur a little more than 1/16th of an inch long and at right angles to the line making the cross. This could only have been made by intention, and invalidates the ballot. It was error to count it for contestee.

Exhibit number 6,246 is a straight ballot with a proper cross in the Democratic circle. However, in the first three squares under the circle, crosses have been made which were marked out by many lines of the pencil and the blurring lines extend outside the squares, and the second and third squares are joined by a continuous zig zag line. This constitutes a distinguishing mark, and it was error to count this ballot for contestee. Rule 5, §29-5218, Burns' 1949 Replacement.

Exhibit number 13,252 is a mixed ballot. In the square opposite contestee is a mark with a blue pencil in the form of an inverted T. There is no faint or short crossing of the base line. It was error to count this ballot for contestee. Exhibit number 16,489 is also marked with a T with its top being vertical. It is also invalid and was improperly counted for contestee. Rule 1(d), §29-5218, Burns' 1949 Replacement.

Exhibit number 14,472 is a straight ballot. There is a plain cross in the Democratic circle, but the ends on the left side are joined by a very faint line, which does not invalidate the ballot. It was properly counted for contestee. *Conley* v. *Hile* (1934), 207 Ind. 488, 512, 193 N. E. 95, *supra.*

Exhibit number 703 is a straight ballot with a cross in the Democratic circle. However, in the first square under the circle there is a line and a dot as if the voter had started to vote a mixed ballot and stopped. Under Rule 5, §29-5218, Burns' 1949 Replacement, this is a distinguishing mark which invalidates the ballot as a vote for contestee.

Exhibit number 3,223 has a cross within the Democratic circle and cross marks in each square thereunder. This invalidates the ballot under Rule 5, *supra.*

Exhibit number 3,378 is a straight ballot. The cross within the circle was made with a blue pencil that had a defective point. The ballot is good and was properly counted for contestee. *Wade* v. *McKibben* (1948), 226 Ind. 76, 96, 78 N. E. 2d 148, *supra.*

Exhibit number 3,484 is a straight ballot with a cross within the Democratic circle. However, the upper left line has joined thereto a distinct spur at least ¼th of an inch long which is a distinguishing mark. This ballot was erroneously counted for contestee. Rule 7, §29-5218, Burns' 1949 Replacement.

Exhibit number 5,056 is a straight ballot. The cross in the Democratic circle extends from edge to edge thereof. The line from upper right to lower left is not straight at the lower end, and a second short stroke was used which joined the first stroke and went a little beyond, but the imperfection is so slight the ballot was properly counted for contestee.

Exhibit number 7,062 is a straight ballot. A retraced line extends from upper right to lower left, which is crossed by a distinct inverted Y which invalidates the ballot. It was error to count this for contestee. Rule 1(d), §29-5218, Burns' 1949 Replacement.

Exhibit number 15,693 is a straight ballot with a proper cross within the Democratic circle. However, from it downward for ¾ths of an inch extends a faint blue line made by accidental touching of the paper. This does not invalidate the ballot and it was properly counted for contestee. *Conley* v. *Hile* (1934), 207 Ind. 488, 511, 193 N. E. 95, *supra*; *Craney* v. *Traylor* (1938), 214 Ind. 542, 545, 16 N. E. 2d 845, *supra*.

Exhibit number 15,785 is a straight ballot, with a large cross within the Democratic circle. The line from upper right to lower left is not quite straight, but it is quite apparent that the ballot was marked on rough board and the ballot is good. *Conley* v. *Hile* (1934), 207 Ind. 488, 513, 193 N. E. 95, *supra*.

Exhibit number 15,810 is a straight ballot with a good cross within the Democratic circle. However, near the Republican circle is a nondescript ink mark with the appearance of having been caused by a member of the precinct board laying a pen on it. This ballot was properly counted for contestee. *Morgan* v. *Wilkerson* (1932), 204 Ind. 187, 194, 182 N. E. 248.

Exhibit number 565 is a straight ballot. There is a slight soiled place near the cross made by the blue pencil marks where the ballot was folded. The ballot was properly counted for contestee. *Wright* v. *Walker* (1926), 197 Ind. 561, 570, 151 N. E. 424; *Tombaugh* v. *Grogg* (1901), 156 Ind. 355, 363, 59 N. E. 1060.

Exhibit number 1,509 is a straight ballot with a proper cross within the Democratic circle. However, a blue pencil cross was made in the square opposite Harley Inman, a Democratic candidate for commissioner. This erasure soiling extends below the square so that it touches the square opposite contestee. Under Rule 1(c) and Rule 5 of §29-5218, Burns' 1949 Replacement, this invalidates the ballot and it was error to count it for contestee.

Exhibit number 13,281 is a mixed ballot. There is a proper cross in a square opposite Wayne Burcham, and an erased cross in the square of his opponent. Under Rule 1(d) of §29-5218, Burns' 1949 Replacement, the cross in the square to the left of contestee was a valid vote for him.

Exhibit number 1,435 is a straight ballot. There is a small hole touching the neck of the rooster where it was strung when counted. A small nondescript ink blot appears on the middle left face of the ballot. No one by intention could have made this sort of a mark, and no doubt it is due to careless handling of the ballot by some election official. The ballot is good, and was properly counted for contestee. *Morgan* v. *Wilkerson* (1932), 204 Ind. 187, 194, 182 N. E. 248, *supra*; *Conley* v. *Hile* (1934), 207 Ind. 488, 503, 193 N. E. 95, *supra*.

Exhibit number 2,681 has a sufficient cross within the Democratic circle. On the back of the ballot is a small ink blot no doubt due to some careless handling.

during counting. The ballot is valid. *Morgan* v. *Wilkerson, supra; Conley* v. *Hile, supra.*

Exhibit number 8,290 is a straight ballot. It has five string holes in it, a small ink blot and a black pencil mark on the back. None of these should be charged to the voter, and the ballot was properly counted for contestee. *State ex rel.* v. *Thornburg* (1912), 177 Ind. 178, 187, 97 N. E. 534, *supra.*

Exhibit number 13,153 has a small ink mark made by one of the poll clerks when initialing the ballot. The ballot is good and properly counted for contestee. Exhibit number 13,161 has an even smaller ink mark by the clerks' initials. For the same reasons, this ballot is valid. The same rule applies to exhibits number 13,172 and 13,179. *Morgan* v. *Wilkerson* (1932), 204 Ind. 187, 194, 182 N. E. 248, *supra.*

Exhibit number 13,958 has a slight ink mark on its face on the lower left side. This should not be charged to the voter and it is no distinguishing mark. *Morgan* v. *Wilkerson, supra.*

Exhibit number 14,473 has a cross made with a blue pencil below the Democratic circle but touching it at the top of both legs of the cross. Under Rule 6 of §29-5218, Burns' 1949 Replacement, the ballot is good.

The appellee has filed an assignment of cross-errors. Since the judgment of the trial court must be affirmed in part on the issues presented by appellant's assignment of errors, it is not necessary to decide whether such cross-errors are properly presented for our consideration.

Since we have decided the original ballots are properly in the record, "it is within the jurisdiction of this court to weigh the evidence and direct such a judgment or decree as may be proper. Section 723, Burns' 1926; *State ex rel. Davis* v. *Board,*

*etc.* (1905), 165 Ind. 262, 74 N. E. 1091." *Lumm* v. *Simpson* (1935), 207 Ind. 680, 684, 194 N. E. 341. The trial court erroneously refused to count five (5) ballots for the contestor, so it is hereby ordered to restate its judgment showing that the contestor, William H. Dowden, received a total of 7,808 votes. The trial court erroneously counted for the contestee thirty-six (36) votes, so the trial court is ordered to restate its judgment to show that he received a total of 7,821 votes. That part of the judgment declaring that the contestee, John Guy Benham, was duly elected is affirmed.

All the exhibits except those discussed in this opinion and those assigned as cross-errors are improperly here, and the Clerk of our court is ordered to transmit the same to the Clerk of the Greene Circuit Court.

Judgment accordingly.

Gilkison, C. J., Bobbitt, Levine and Achor, JJ., concur.

NOTE.—Reported in 123 N. E. 2d 872.