NICELY *v.* WILDEY.

[No. 26,594. Filed December 22, 1936.]

*Matthews & Matthews* and *Montgomery & Montgomery,* for appellant.

*William Fitzgerald* and *Joseph W. Verbarg,* for appellee.

HUGHES, J.—This is an appeal by the appellant, Zula Nicely, to contest the election of the appellee, Morris Wildey, to the office of township trustee of Center township, Jennings county, Indiana, for the term beginning January 7, 1935.

The complaint consisted of one paragraph to which the appellee, defendant below, filed three paragraphs of answer; the first being a general deniel, the second alleging that appellee received a majority of the votes cast for said office, and that errors and mistakes were made against him; and the third paragraph alleging that after the election some person unknown broke into the office of the clerk of the Jennings Circuit Court and opened the container where the ballots were deposited and mutilated ballots for the appellee.

There was a finding and judgment by the trial court

that the appellee, Wildey, received a majority of all the legal votes cast for trustee, and was declared elected.

The error assigned for reversal is that the Jennings Circuit Court erred in overruling appellant's motion for a new trial which alleged: (1) That the decision of the court is not sustained by sufficient evidence; (2) that the decision is contrary to law; and (3) that errors of law were committed in (a) sustaining contestee's (appellee's) objections to each of contestor's (appellant's) exhibits and ballots numbered severally and respectively as follows: 1, 3, 6, 7, 8, 9, 15, 18, 21, 22, 23, 27, 28, 31, 48, 49, 50, 53 and 82, and (b) that the court erred in overruling contestor's objections to each of contestee's exhibits and ballots numbered severally and respectively as follows: 1, 2, 3, 4, 5, 7, 9, 17, 18, 19, 20, 21, 22, 23, 24, 25, 26, 27, 28, 29, 30, 31, 32, 33, 34, 35, 38, 39, 40, 41, 42, 43, 44, 45, 46, 47, 48, 49, 50, 51, 52, 53, 54, 55, 56, 57, 58, 59, 60, 61, 62, 63, 64, 65, 66, 67, 68, 69, 70, 71, 72, 73, 74, 77, 78, 82, 83, 84, 85, 86, 87, 88, 89, 90, 91, 92, 93, 94, 95, 96, 97, 98, and 99.

It was stipulated by the parties that appellant, Zula Nicely, received 1,028 legal votes, and that appellee, Wildey, received 1,016 legal votes. Appellee's ballots, designated as contestee's exhibits No. 1 to No. 99 inclusive, were challenged by appellant; and objections were sustained to 16 of these, numbered respectively, 6, 8, 10, 12, 13, 14, 15, 16, 36, 37, 75, 76, 79, 80, and 81; and objections were overruled as to each of the remaining 83.

Appellant excepted to the ruling of the court as to each of these ballots, but is now waiving her objections and exceptions as to each of the following of appellee's exhibits, numbered respectively 2, 4, 7, 21, 22, 23, 27, 31, 32, 38, 39, 40, 41, 42, 44, 45, 46, 47, 48, 49, 50, 51, 52, 58, 59, 60, 61, 64, 65, 83, 86, 88, 93, and 94, a total of thirty-four; but insists upon her objections to con-

testee's exhibits numbered respectively 1, 3, 5, 9, 17, 18, 19, 20, 24, 25, 26, 28, 29, 30, 33, 34, 35, 43, 53, 54, 55, 56, 57, 62, 63, 66, 67, 68, 69, 70, 71, 72, 73, 74, 77, 78, 82, 85, 87, 89, 90, 91, 92, 95, 96, 97, 98, and 99, a total of forty-eight.

The appellee objected to the opening of the bags containing the ballots and to the introduction in evidence of any of the ballots for the reason that after the election someone unknown broke into the clerk's office of Jennings county where the bags containing the ballots were kept and opened the bags and mutilated ballots voted for appellee. The objections were overruled.

There was evidence introduced showing that the office had been broken into, and also the container or cabinet in which the packages containing the ballots were placed. There was no evidence to show that any of the ballots had been tampered with in any way. This evidence presented a question of fact for the lower court, and we will not disturb its finding.

The greater part of the objections and exceptions to the counting or rejection of ballots introduced was on the ground that the ballots had distinguishing marks. This court has many times stated the law applicable to such facts, and we do not consider it necessary to restate the law again to any great extent. It is very clearly stated in the recent case of *Conley* v. *Hile* (1935), 207 Ind. 488, 193 N. E. 95. This case fully discusses all phases of contested ballots. The case of *Roberts* v. *Drake* (1933), 205 Ind. 425, 185 N. E. 285, also gives a full discussion of the law relative thereto. Both of these cases cite the case of *Spaulding* v. *Romack* (1916), 185 Ind. 105, 112, 113 N. E. 229, in which it is said:

"A voter will not be deprived of his vote by mere inadvertance, mistake, or ignorance on his part if an honest intention is ascertainable from the bal-

lot; and the intention of the voter will be given effect, although the marking of the voter does not conform strictly to the provisions of the statute on that subject. . . . It has been held that a distinguishing mark that will invalidate a ballot is such a mark as fairly imputes upon its face design and dishonest purpose, and that the slight soiling of a ballot which reasonably appears to have been the result of accident or want of due care by the voter in that regard is not sufficient to condemn it, if otherwise fair."

In the case of *Borders* v. *Williams* (1900), 155 Ind. 36, 43, 57 N. E. 527, it is said:

"It is purity of election and a free and honest expression of the voter's will that is aimed at, and a substantial compliance with the law in the execution of the ballot will suffice if the general appearance of the ballot is such as clearly to indicate an honest effort by the voter to comply with the law, and his choice of candidates may be clearly ascertained."

Under the Election Laws of 1936, with instructions to voters and election officers, as compiled by the State Board of Election Commissioners, on page 18 thereof, it is said:

"If any ballot be found mutilated, defaced, or marked so that it cannot be identified, it must not be counted; but the board should not adhere to such a severe construction of the laws as will deprive innocent or honest voters of their rights. In determining the intention of the voter a careful but common-sense discretion should be exercised. Instances may arise where finger marks from a greasy or soiled hand may, unintentionally, have been left upon a ballot. In such an instance, if the board is convinced, after a careful examination, that the marks were accidentally and not intentionally or corruptly made, the ballot should be counted."

In view of the guiding statements, relative to the counting of ballots, just quoted, we will now consider the challenged ballots here involved.

Appellant's ballots, designated as contestor's exhibits No. 1 to No. 85, were challenged by appellee, and objections were sustained to twenty, numbered respectively 1, 3, 6, 7, 8, 9, 15, 18, 21, 22, 23, 25, 27, 28, 31, 48, 49, 50, 53, and 82. Of these exhibits the appellant now complains only of the ruling on exhibits 3, 6, 7, 9, 18, 21, 22, 23, 25, 31, and 49.

Exhibit 3 is invalid for the reason that instead of an X within the circle, there is a figure T; exhibit 6 has a five point star within the circle and is invalid; exhibit 7 bears a clear distinguishing mark on the X within the circle, and is bad. In exhibit 9, the voter made an X within the circle, and then erased the same; the ballot is mutilated and invalid. Exhibit 18 contains an X made with a lead pencil between the words "Center" and "Township"; it is invalid as bearing a distinguishing mark. Exhibit 21 has an X made with lead pencil within the circle; the ballot is invalid. Exhibits 22 and 23 each have an X within the circle; in exhibit 22 there is a slight mark with a blue pencil within the other circle; exhibit 23 has a small blue line drawn across the square opposite the name of Morris Wildey, and it appears that these lines were made accidentally with no design to distinguish the ballots. They should have been counted. Exhibit 25 contains an X within the square opposite the name of appellant, and a clear distinguishing mark in the square opposite the name of Charles E. Sheets; the ballot is invalid. Exhibit 31 has within the circle the letter Y, and a short line below the Y; the ballot was properly held invalid. On Exhibit 49, in the lower left hand corner, there is an X made with a lead pencil; it is a distinguishing mark, and the ballot is invalid.

We think the lower court did not commit error in holding that the foregoing ballots, as represented by

exhibits 3, 6, 7, 9, 18, 21, 25, 31, and 49 were invalid, and should not be counted.

The appellant insists upon objections to a large number of appellee's exhibits as heretofore set out. The objections raised to most of these exhibits seems to us to be trivial and of no merit. Many of the ballots are not open to valid objections at all, and we will only consider those that we think may present some question.

Appellee's exhibit No. 9 has the initials of four persons. This clearly constitutes a distinguishing mark, and is invalid, and should not have been counted. Exhibit 77 has an X made with heavy lines in four of the squares with a blue pencil, and a small X within the circle. Evidence was introduced and heard by the court on the admissibility of these two exhibits, the appellee contending that the small x was not within the circle when the ballots were voted. After inspecting the ballots and hearing the evidence of the recount commissioners, the court sustained the contention of the appellee, and counted the ballots. We will not disturb this finding.

Objection was made to appellee's exhibit 97. This shows a cross made within the circle. Appellant objected to the admission of this exhibit on the ground that the mark within the circle was not an X, but, under points and authorities, she now claims there is a small x made. by a lead pencil in the left-hand corner which is a distinguishing mark. If there is such an X, we do not discover it. The cross within the circle is not objectionable, and the ballot was properly counted.

Exhibits 98 and 99 were objected to because of an alleged X made with a lead pencil in the lower left-hand corner of each ballot. It appears from each of the exhibits that there is a small X that is hardly perceptible. Evidence was heard by the court on the admissibility of these exhibits, and the court found

that the X was placed upon each of the ballots after they had been voted. The court observed the ballots, and heard the evidence, and concluded they were valid. We think it committed no error in doing so.

The appellant has not complained of exhibit 84 under propositions, points and authorities, and, if she had any objections to this exhibit, the same have been waived.

The appellee objected to the counting of contestor's exhibits 11, 24, and 39. Exhibit 11 contains an X within the circle, and between the name of Zula Nicely and John G. Gilmer there is an X made by a blue pencil. This is clearly a distinguishing mark, and the ballot should not have been counted. Exhibit 24 is made with four distinct lines, in no way resembling an X; the ballot should not have been counted. Exhibit 39 contains an X made with three distinct lines which constitute distinguishing marks; the ballot should not have been counted.

To summarize, we find that it was stipuated that the appellant, contestor, received 1,028 valid votes; appellee, contestee, challenged appellant's exhibits 1 to 85 inclusive. Objections were overruled to 65, but objections should have been sustained as to exhibits 11, 24, and 39.

We further find that contestor's exhibits 22 and 23 should have been admitted and counted. Adding ballots represented by exhibits 22 and 23 to 65, we have 67; and subtracting ballots represented by exhibits 11, 24, and 39, we have remaining 64, which added to 1,028 makes 1,092 votes for the appellant contestor, Zula Nicely.

It was stipulated that appellee, or contestee, Morris Wildey, received 1,016 valid votes. Appellant challenged exhibits 1 to 99 inclusive, but waived objections to 35. Of the remaining 48, we find that the ballot represented

by exhibit 9 should not have been counted, but that 47 of the ballots were properly counted. Thus, adding 35, 47, and 1,016, we find that the appellee, or contestee, received 1,098 valid votes. The appellee, therefore, received six more valid votes than appellant, and was elected.

Judgment affirmed.