LELAND McK. SIMS *v.* GEORGE.

[No. 967S88. Filed May 22, 1968. Rehearing denied June 28, 1968.]

596

*Philip D. Waller* and *Allen, Fitzpatrick, Chambers & Waller,* of Washington, *Carl M. Gray,* and *Gray & Waddle,* of Petersburg, Indiana.

*John M. Heeter,* of Indianapolis, *Fred Dobbyn,* of counsel, of Washington, and *Fremont O. Pickett,* of counsel, of Shoals, for appellee.

ARTERBURN, J.—This is an appeal in an election contest. The appellant, Leland McK. Sims and the appellee, Thomas Arthur George were opposing candidates for the office of County Commissioner, Second District, Martin County, in the State of Indiana at the general election held in November, 1966. They were the only candidates for the office. The appellee was declared elected and the appellant commenced this

action to contest the election of appellee on account of alleged mistakes in the official count of the votes. Upon trial, the court found and adjudged that the appellee received the highest number of legal votes.

The appellee has filed a motion to dismiss on the ground that at the time the appellant filed a praecipe with the clerk of the Martin Circuit Court for a transcript for an appeal, he did not serve a copy of the same upon any attorney appearing of record for the appellee. Appellee relies upon Rule 1-12 of this Court. We have examined that rule, and although it does provide for the service of pleadings filed in court upon opposing counsel, a praecipe is not named in said rule nor does it fall within the designated pleadings. The motion to dismiss or affirm is overruled.

We come now to a consideration of the merits of the case, and we find that the parties stipulated that for the office of County Commissioner, Second District, Martin County, State of Indiana at the election in 1966, it is conceded that the contestor received 2192 votes and the contestee 2229 votes, as represented by ballots not to be introduced in the evidence, and that said ballots not so represented are not contested. (See Supreme Court Rule 2-5A)

Joint exhibits (ballots) 1 to 12 were introduced. The appellant objects to ballots 1 through 9, which were counted for the appellee, while ballots 10, 11 and 12 were counted for the contestor. The factual situation relative to these ballots is that a vacancy occurred for the candidate for County Councilman on the Democratic ticket, and gummed pasters were printed and prepared for the purpose of placing thereon the name of Albert T. Ackerman for that office. Burns' Ind. Stat. Anno. § 29-5002 [1967 Supp.] provides for paster ballots and that the pasters shall be placed "in a careful and proper manner in the proper place on each ticket to be voted." On each of the ballots in question the pasters were not affixed in the proper space, but instead at various other places on the ballots, such as over the name of another candidate or

at the bottom of a ballot. In our opinion, where the paster is not properly affixed in the proper place, such distinguishing marks and extraneous matter on the face of the ballot void the ballot for reasons hereinafter further explained in connection with authorities cited under subsequent questions raised. Joint exhibits 1 through 12 should not be counted.

The court admitted into evidence ballots marked C 1 and C 2 and counted the same without objection. The court correctly refused to count exhibits C 3, C 11, C 12, C 13, C 14, C 15 and C 17. The court was correct in refusing to count these ballots in favor of the appellant for the reason that they contained distinguishing marks, such as, a name written on the back of one, only one purported poll clerk's initials, too many initials on the back of another, markings in both party emblems and various other marks, which it is unnecessary to discuss at this point.

The court correctly counted exhibits C 4, C 5, C 6, C 7, C 8, C 9, C 10, C 16, C 18, C 19, C 20, C 21, C 41, C 43, C 44, C 45, C 46 and C 48. Appellee states that he would waive objecting to the counting of ballot C 42 had appellant saved proper error. We have examined the transcript, and in our opinion appellee's contention in that respect is not to be sustained, since the appellant tendered the exhibit in evidence, to which the appellee objected, and on which the court withheld ruling until all exhibits were in. This ballot should be counted for the appellant. Ballots C 23, C 24 and C 25 were correctly counted by the court.

The court erred in refusing to count ballots C 30 and C 42. Ballot C 30 is a ballot with a cross in the party circle as a straight vote. There appears on the face of the ballot the touching of a pencil thereto with a mark approximately one half inch long. In our opinion this mark was not intentional but accidental, and has no peculiar characteristics other than a light touch to the paper. Ballot C 42 is a ballot on which the voter voted only for appellant, Leland McK. Sims. A cross clearly appears in the square opposite his name. There

is a pencil point or short mark thereon, which appears to us to be accidental in placing the pencil in the square to make the cross. This is not a distinguishing mark, but appears to us to be purely accidental.

The court correctly refused to count ballot C 39, since the cross in the party circle was marked over by a pencil in an attempt to eliminate it, and the ticket is voted as a mixed ticket. The marks in the party circle are intentional and in our opinion invalidate the ballot.

The court correctly refused to count ballot C 27 since it had a straight mark in one party circle and also a cross in the other party circle.

Appellant waives the counting of ballot C 40.

Ballot C 26 is a ballot containing spur marks or prongs in the formation of the x. Appellant contends that ballots D 11, D 12, D 13, D 14 and D 15 counted by the court, contain the same distinguishing marks and should likewise be excluded and not counted for the same reason. We have examined these exhibits and they appear to us to have similar defects and therefore the court erred in counting them. *Howell* v. *Blackburn* (1957), 236 Ind. 242, 139 N. E. 2d 905; *Dowden* v. *Benham* (1955), 234 Ind. 103, 123 N. E. 2d 872.

Ballot D 16 shows two distinct parallel lines crossed by a third line. This is not a mark made by a split pencil, but an intentional and deliberate third mark. The ballot should not be counted.

The court correctly admitted and counted ballots C 28, C 29, C 31, C 32, C 33, C 34, C 35, C 36, C 37, C 38, C 47, C 49, C 50, C 51, C 52, C 53 and C 54.

Ballots D 85 and D 86 were official ballots purporting to be absentee ballots voted without poll clerk's initials on the back. They were enclosed in an absentee ballot envelope. Exhibit D 85 had an application enclosed with it for a voter's ballot signed by one Bernard W. Carrico. There are other defects with reference to distinguishing marks on these exhibits which we need not go into.

"The whole ballot is void if the voter (a) does any act extrinsic to the ballot such as enclosing any paper or other article in the folded ballot or (b) makes any mark thereon other than a cross X mark on or in a voting square or circle. . . ." Burns' Ind. Stat. Anno. § 29-5218 (Rule 1) [1967 Supp.].

"Any ballot on which an elector shall write his name . . . or special symbol such as a star, circle, parallel lines, dots or any combination thereof shall be void." Burns' Ind. Stat. Anno. § 29-5218 (Rule 8) [1967 Supp.].

". . . And in the canvas [sic] of the votes any member of the election board may protest as to the counting of any ballot, or any part thereof, and any ballot which is not indorsed with the initial of the clerks, as provided for in this act, and any ballot which shall bear any distinguishing mark or mutilation shall be void, and shall not be counted, . . ." Burns' Ind. Stat. Anno. § 29-5201 [1949 Repl.].

". . . Before mailing any ballot, the clerk shall affix his official seal and place his signature near the lower left hand corner on the back thereof and *leaving sufficient space on the margin of such ballot for the initials of the poll clerks.*" Burns' Ind. Stat. Anno. § 29-4907. [1967 Supp.]. (Our emphasis).

The trial court erred in counting Exhibits D 85 and D 86 for the appellee. Exhibits D 87 and D 88 are envelopes in which the ballots were contained.

Exhibits D 2, D 8 and D 10 clearly contain distinguishing marks. Exhibit D 2 does not contain a cross in the party circle and the mark therein has no semblance of a cross. Exhibit D 8 contains crosses in the squares and also check marks outside the squares, which clearly are distinguishing marks and a mutilation of the ballot. Exhibit D 10 contains a cross in the square opposite the name of the appellee and also a line and dot in the square opposite the name of the appellant. These ballots, since they do not conform to the proper marking of a ballot for voting, but contain distinguishing marks, should not be counted. In our opinion, the court correctly counted Exhibit D 9 for the appellee, since it merely contained, in our opinion, a smudge mark or erasure

and does not invalidate the ballot under Rule 1(b), Burns' Ind. Stat. Anno. § 29-5218 [1967 Supp.].

We come next to a group of ballots that may be considered in one category and as a whole. They are the contestee's Exhibits D 17 through D 33, D 35 through D 69 and D 72 through D 84. Appellee urges that there were no proper objections made to Exhibits D 35 through D 84. The appellant states that through some clerical error, the motion for a new trial refers to D 17 through D 33 instead of Exhibits D 35 through D 84, and points out that the transcript reveals that objections were properly made to "contestee's Exhibits numbers D 35 consecutively through D 84, both numbers inclusive, for each one severally of the reasons heretofore given and assigned to the introduction of contestee's Exhibits D 17 through D 35." The transcript reveals that the objections were properly made in the trial court.

Contestee's exhibits enumerated above are a group of ballots in which the voters placed a cross in the circle and then a cross in either or both of the party columns and in one or more squares beside the name of one or more candidates.

Acts 1945, ch. 208, § 301, p. 680 provide in substance that a cross in the party circle, as well as in a square opposite a candidate's name, should still be counted if the intentions of the voter were clear. We need not set out this statute except to observe that in the 1947 Act this provision was eliminated from the statute. (Rule 5) It appears therefore, that the legislature saw fit to eliminate the counting of such ballots and to return to the status of the law prior thereto, and we have so held. *Howell* v. *Blackburn* (1957), 236 Ind. 242, 139 N. E. 2d 905; *Dowden* v. *Benham* (1955), 234 Ind. 103, 123 N. E. 2d 872.

In fact, in the Acts of 1947, ch. 156, § 1, p. 481, Rule 5 plainly stated that ballots such as those under consideration here, where an attempt has been made to vote for individual candidates, as well as the whole party ticket by an "x" in the party circle, shall be considered invalid

and as containing distinguishing marks. In 1965 the Election Code was again amended, in which Rule 5 merely stated:

"A cross X mark, made by the voter, on or in a circle above a column, known as a party column, shall be counted as a vote for each candidate named in such column."

Acts 1965, ch. 252, § 3, p. 632, being Burns' Ind. Stat. Anno. § 29-5021 [1967 Supp.] further provides in part:

"The voter shall . . . indicate the candidates for whom he desires to vote by making a cross, thus, X, on or in the square immediately preceding their names. . . . *Provided, however,* That if . . . the voter shall desire to vote for all of the candidates of one [1] party or a group of petitioners, he may make a cross thus, X, on or in the large circle inclosing the device and preceding the title under which the candidates of such party or group of petitioners are printed, and the vote *shall then* be counted for all the candidates under that title." (Our emphasis)

This statute seems to us to be clear authority that any departure from the simple and direct statement of the statute constitutes a violation thereof, since the directions are explicit as to how to vote a straight party ticket or for individual candidates. Finally, we must give effect to the general statute, which provides:

". . . and any ballot which shall bear distinguishing marks or mutilation shall be void, and shall not be counted, and any ballot, or part of a ballot, from which it is impossible to determine the elector's choice of candidates, shall not be counted as to the candidate or candidates affected thereby. . . ." Acts 1945, ch. 208, § 284, p. 680, being Burns' Ind. Stat. Anno. § 29-5201 [1949 Repl.].

Rule 1(b) of the Acts of 1965, being Burns' Ind. Stat. Anno. § 29-5218 [1967 Supp.] previously referred to, states in part:

"The whole ballot is void if the voter (a) . . . (b) makes any mark thereon other than a cross X mark on or in a voting square or circle. . . ."

It is clear that if the legislature wanted to adopt a rule approving ballots which have crosses in party circles and also squares on the same ballot, it could have very simply adopted a rule similar to the one in the Acts of 1945 (which was repealed) and which approves the counting of such ballots. The Acts of 1965 make clear how a straight party ticket is voted. It offers no alternatives as the Acts of 1945 did. For the reasons stated, we feel the contestee's exhibits above mentioned bore distinguishing marks and were not in conformity with the statute's directions for voting a valid ballot. The exhibits should not be counted.

The appellee, contestee below, filed no cross-errors herein. We find accordingly that the appellant received 2235 votes for the office of County Commissioner of the Second District of Martin County, and the appellee received 2230 votes, and thus the appellant, having received the highest number of votes, is the duly elected County Commissioner of the Second District of Martin County, Indiana.

The judgment of the trial court is reversed, with directions to enter a finding and judgment in conformity with this decision.

Lewis, C. J., and Hunter, J., concur. Jackson, J., concurs in result. Mote, J., not participating.

NOTE.—Reported in 236 N. E. 2d 820.