BASIL H. LORCH, JR. *v.* C. WILLIAM LOHMEYER.

[No. 668S81. Filed April 30, 1969. Rehearing denied June 3, 1969.]

*Telford B. Orbison, Richard L. Mattox,* of New Albany, for appellant.

*William B. Janes,* New Albany, *James Manahan,* Indianapolis, for appellee.

GIVAN, J.—This is an appeal from a judgment in an election contest wherein the appellee filed his complaint to contest the election and a petition for recount. The questioned election was a city election held on the 7th day of November, 1967, in New Albany, Floyd County, Indiana. The appellee, one C. William Lohmeyer, and the appellant, one Basil H. Lorch, Jr., both of New Albany, Indiana, were the only candidates for the office of city judge in said election.

In the original election the appellant was declared the winner. The Recount Commission declared the appellant to be the winner by a margin of 7739 votes to 7736 for the appellee. Appeal was then had to the Circuit Court of Floyd County, The Honorable Paul J. Tegart presiding. The Court

declared the appellee to be the winner by a margin of 7750 votes to 7747 votes for the appellant. The appellant has perfected his appeal in this cause assigning as error that the Floyd Circuit Court erred in its determination of the legality of certain absentee ballots. Each of the questioned ballots are set out as exhibits in the transcript in this cause, and this Court has carefully examined all of said ballots and the markings thereon.

In making our examination and determination we have applied the following statutory rules as set out in the Election Laws issued under the authority of the State Election Board for the town elections to be held in 1967, which were applicable for the counting of absentee ballots in the 1967 election:

"What Ballots Should Be Counted.

"The law requires a voter, in casting his vote by ballot, to place a cross (X) in blue pencil (a) inside the circle bearing the party emblem, in order to vote a straight ticket, or (b) inside the square opposite the name of any candidate for whom the voter desires to vote. If from the face of the ballot it appears that the voter has made an honest effort to comply with the law, his ballot should be counted according to his intention. In determining the voter's intention, the board must exercise common sense discretion. The board must not adhere to such a severe construction of the law as will deprive an honest and innocent voter of his vote. (Secs. 171, 203, 260, 301) 29-4411, 29-4910, 29-5021, 29-5218, Sec. 171 amended by Acts 1957, Ch. 168, Sec. 2; Sec. 301 amended by Acts 1947, Ch. 156, Sec. 1.

"A cross (X) mark is any straight line crossing any other line at any angle but no ballot shall be declared void or partially blank because a cross (X) mark thereon is irregular in form. (Secs. 171, 301) 29-4411, 29-5218, Sec. 171 amended by Acts 1957, Ch. 168, Sec. 2; Sec. 301 amended by Acts 1947, Ch. 156, Sec. 2.

"Thus a ballot must be counted as indicated below. If:

"1. Cross (X) mark is made by voter in a voting square opposite a candidate's name, it shall be counted as a vote for such candidate.

"2. The name of a candidate is written by the voter upon the ballot in the proper space provided for and is not printed under the title of such office or position, it shall be counted for the person.

"3. The voter makes a cross (X) mark in the circle above the column, known as the party column, the voter having made no other mark or writing on the ballot, it shall be counted as a vote for each candidate named in such column.

"4. Where a voter makes a cross (X) mark in the large circle above a party column and also marks in the square to the left of the name of any candidate in another column where there is no candidate in the column where he has marked in the large circle for such office, such ballot may be counted for all the candidates in the column named under the large circle where he has voted and also such candidates in another column where he has marked in the small square to the left.

"5. A pencil mark touches a circle or square, it shall be considered on such circle or square and be counted accordingly.

"(Secs. 171, 301) 29-4411, 29-5218, Sec. 171 amended by Acts 1957, Ch. 168, Sec. 2; Sec. 301 amended by Acts 1947, Ch. 156, Sec. 1.

"What Ballots Should Be Partially Counted.

"Ballots should be partially counted if:

"1. An erasure is made in a voting square, the vote shall not be counted for the office in connection with which it is made but shall be otherwise counted for the candidates for whom votes were cast.

"2. A mark other than a cross (X) mark is made in a voting square, the vote shall not be counted for the office in connection with which it is made but shall be otherwise counted for the candidates for which votes were cast.

"3. The voter marks more names than there are persons to be elected or nominated for office, the vote shall not be counted for such office but shall be counted for the other candidates for whom votes were marked.

"4. For any reason it is impossible to determine the voter's choice of a candidate or candidates for an office, his vote shall not be counted for such office or position but shall be otherwise counted for the names marked.

"5. Any ballot or part of ballot from which it is impossible to determine the elector's choice of candidates shall not be counted as to the candidate or candidates affected thereby, but shall otherwise be counted for the names marked.

"(Secs. 171, 284, 301) 29-4411, 29-5201, 29-5218, Sec. 171 amended by Acts 1957, Ch. 168, Sec. 2; Sec. 301 amended by Acts 1947, Ch. 156, Sec. 1.

"What Ballots Should Not Be Counted.

"A ballot is entirely void and should not be counted for any office if:

"1. The voter does any act extrinsic to the ballot, such as enclosing any paper or other article in the folded ballot.

"2. The voter defaces or tears the ballot.

"3. The voter makes an erasure thereon outside of the voting square.

"4. The voter makes any mark thereon outside of the voting square other than writing in a name for the purpose of voting.

"5. Any mark other than a cross (X) mark in the circle or square which touches no circle or square, shall be treated as a distinguishing mark and the ballot shall be void and not counted.

"6. Any ballot shall bear any clear distinguishing mark or mutilation, it shall be void and shall not be counted.

"7. Any ballot is not endorsed with the initials of the clerks or assistant clerks, it shall be void and shall not be counted.

"8. If a voter marks in a large circle and marks elsewhere on the ballot, unless in a square to the left of the name of a candidate in another column where there is no candidate in the column under the large circle in which he has voted, the ballot shall be void and shall not be counted.

"(Secs. 171, 284, 301) 29-4411, 29-5201, 29-5218, Sec. 171 amended by Acts 1957, Ch. 168, Sec. 2, Sec. 301 amended by Acts 1947, Ch. 156, Sec. 1."

As previously stated by this Court, it is the policy to give a liberal construction of a statutory provision on recounting

votes. *Dowden v. Benham* (1955), 234 Ind. 103, 109, 123 N. E. 2d 872.

From an examination of the ballots and an application of the Election Laws of Indiana, we find that the Trial Court was in error in not counting the following ballots, and that said ballots should be counted for the following reasons:

Contestor's Exhibit No. 4 bears a single X mark in the emblem circle and bears no other distinguishing marks. It is true that the X placed in the emblem circle is somewhat irregular and appears to have been made on a rough surface or by a person who was unsteady of hand. However, this vote should be counted because it clearly evidenced the voter's intention, and the exercise of common sense dictates that to refuse to count such a vote would be to deprive an honest and innocent voter of his vote. We do not feel that the rules regarding distinguishing marks should be so strictly applied. Judge Emmert in the case of *Dowden v. Benham, supra,* quoted at length from the case of *Conley v. Hile* (1934), 207 Ind. 488, 499, 193 N. E. 95, 102, which quotation reads as follows:

" 'While the statutes seek to keep the voter's ballot secret, so as to prevent corruption in elections, its primary purpose is to provide a means for the selection of officers by the free and untrammeled choice of honest, qualified voters; and, while a ballot which is intentionally mutilated, or on which the marking does not occur in the space provided by statute, or which is marked with characters other than those provided by statute, cannot be counted regardless of the apparent honesty and good intention of the voter, ballots will be counted which indicate an effort to comply with the statutory requirement as to the manner of marking, notwithstanding variation from the mark made by the average individual caused by unskillfulness, physical infirmity, bad eyesight, or light, or conditions not conducive to accuracy; and where markings are in the proper place, and there is an effort to make the statutory cross-mark, irregularities in the marking will be attributed to those causes unless the ballot upon its face fairly imports an intentional dishonest purpose.' "

We completely ascribe to this philosophy and feel that it is essential to the preservation of the sacred American' right to exercise the franchise.

Contestor's Exhibit No. 6 falls in the same category as above set out. An examination shows that the voter made an X in the party emblem circle with no other distinguishing marks on the ballot. It is true that this X is not artfully made, and the voter obviously retaced his X. However, there is nothing unusual or distinguishing concerning this Exhibit and it should be counted under the above authority.

Contestor's Exhibit No. 9 is a split or scratched vote ballot, neither party emblem circle bearing any marks whatsoever, but votes being cast by the use of an X in the various individual squares on either side of the ballot. We find no conflict in these markings. Here again at least one of the X's is somewhat unartfully made and to that extent the above would apply. There are also some smear marks on the ballot which were obviously made by folding of the ballot at the time ink was wet. This Court has previously held that such smear marks are not distinguishing marks such as to invalidate the ballot. *Morgan v. Wilkerson* (1932), 204 Ind. 187, 182 N. E. 248; *Wright v. Walker* (1926), 197 Ind. 561, 151 N. E. 424; *Tombaugh v. Gregg* (1901), 156 Ind. 355, 59 N. E. 1060.

Contestor's Exhibit No. 11. Here again an X mark is made in the party emblem circle. We find no distinguishing marks on the ballot. The X in question again is unartfully made and one would assume made by a person of infirmity in either sight or hand, but there is nothing of a distinguishing nature concerning this mark, and it should be counted under authority of *Conley v. Hile, supra.*

Contestor's Exhibit No. 15. Here again an X has been made in an unsteady manner in the party emblem circle. There

are no other marks on the ballot. Under the above authority it should be counted.

Contestor's Exhibit No. 30. Again the voter has marked an X in the party emblem circle. However, on a down strike in executing one-half of the X the pencil was accidentally pulled upward before being lifted clear of the paper. This is obviously an imperfect cross made by an unintentional mark and should be counted under the authority of *Sims v. George* (1968), 250 Ind. 595, 14 Ind. Dec. 339, 236 N. E. 2d 820; *Spaulding v. Romack* (1916), 185 Ind. 105, 113 N. E. 229.

Contestor's Exhibit No. 37 is a ballot which contains a large X across the entire face of the party emblem circle. This X has been made by a red pen which was apparently placed over a black pen cross of the same size and identical pattern. This Court has previously held that where a black cross comes over a blue cross in retracing the ballot is invalid. *Conley v. Hile, supra.* However, in the *Conley* case the Court was speaking of a ballot marked at the polling place. By express provision of the statute an absentee ballot may be marked with pen and ink or lead pencil with any color of lead. Burns' Indiana Statutes Annotated § 29-4910. The fact that this X was retraced in itself does not invalidate the vote. *Conley v. Hile, supra.* The intent of the voter was quite clear in this case and the ballot should, therefore, under the above authorities be counted.

Contestor's Exhibit No. 40 contains an X in the party emblem circle. There is a faint line across the X which was apparently made by a faulty function of a ball-point pen. There is no other mark which might be invalidating on the ballot. This ballot should have been counted. *Wade v. McKibben* (1948), 226 Ind. 76, 78 N. E. 2d 148; *Nicely v. Wildey* (1936), 210 Ind. 640, 5 N. E. 2d 111; *Craney v. Traylor* (1938), 214 Ind. 542, 16 N. E. 2d 845. Under the above authorities the fact that the pen made

a faulty mark does not invalidate. The ballot, therefore, should be counted.

The Trial Court erroneously counted contestor's Exhibit No. 55. This ballot has a proper X in the party emblem circle of one party indicating a clear intention to vote the straight party ticket; however, X's have been placed in two squares for individual candidates of the opposite party. The ballot, therefore, is totally void. *Sims v. George, supra; Howell v. Blackburn* (1957), 236 Ind. 242, 139 N. E. 2d 905. The Court was in error in counting the same.

In addition to the exhibits that have been specifically discussed above, the appellant in his assignment of errors challenged the Trial Court's decision on each ballot which was adverse to him. Each of these ballots has been examined, and we find no error in the Trial Court's decision in regard to them.

The appellee has assigned as cross errors that the Trial Court erred in finding that Exhibits 4, 61, 13, 17, 20, 25, 27, 47, 48, 49, 52, 57 and 60 were void ballots and should not be counted for the appellee, and further that the Trial Court erred in finding that Exhibits 1, 2, 3, 5, 7, 8, 10, 12, 14, 21, 28, 31, 34, 43, 44, 50, 58, 63, 64, 66 and 67 are valid ballots and should be counted for the appellant.

We have already indicated in this opinion that the Court erred in his failure to count Exhibit 4 in favor of the appellee.

As to Exhibits 49 and 57 the Trial Court was correct in his refusal to count these ballots for the reason that an examination discloses that each contains a check mark instead of an X. *Conley v. Hile, supra.*

As to Exhibits Nos. 17, 20, 25, 27, 60 and 61, an examination discloses that each of these ballots contains obvious scribbling marks which would be clearly distinguishable. The Trial Court was, therefore, correct in regard to these exhibits.

As to Exhibits No. 13 and 48, an examination discloses that they contain two separate X's in the same circle or square and, therefore, are clearly invalid. The Trial Court was correct in his decision that these ballots should not be counted.

As to Exhibits 47 and 52, each contained separate and distinct distinguishing marks in and around the emblem circle in addition to the X made therein. The Trial Court was, therefore, under the above authorities clearly correct in his judgment that these ballots should not be counted.

As to Exhibits Nos. 1, 2, 3, 5, 10, 14, 28 and 66, an examination discloses that the X's are properly placed on each of these ballots. The only complaint might be that a few of them contained heavy retracings of the X's. Under the foregoing authorities these ballots are valid as disclosing the clear intent of the voter. The Trial Court was correct in his decision that they should be counted.

As to Exhibits Nos, 7, 8, 21, 31, 34, 43, 44, 63, 64 and 67, an examination of these ballots discloses that none of them contains the poll clerks' initials thereon. This Court has previously held that an absentee voter's ballot is not invalid merely because the Election Board's poll clerks fail to initial the back thereof where the voter has fully complied with all the legal requirements and has placed the ballot beyond his control. *Boone v. Smith* (1947), 225 Ind. 617, 77 N. E. 2d 357; *Wright v. Walker* (1926), 197 Ind. 561, 151 N. E. 424.

The case of *Sims v. George* (1968), 250 Ind. 595, 14 Ind. Dec. 339, 236 N. E. 2d 820, has been erroneously annotated as holding that absentee ballots without poll clerks' initials are invalid. Although the opinion describes the questioned ballots as not bearing such initials it further describes other defects and holds the ballots invalid because of those

defects and not because of the absence of the poll clerks' initials.

Further an examination of the above ballots discloses that they each are impressed with the official seal of the Floyd Circuit Court and the signature of William C. Cochran, Clerk, Floyd Circuit Court.

This Court has stated:

"It seems clear that the sole intention of the Legislature by the enactment of this provision was to provide a proper identification of absent voters' ballots whereby not only the voter who received the ballot, but the various election board officials, would be able to determine, upon examination of the ballot, whether or not it was a valid official ballot which had been sent out from the county clerk's office in the manner provided by law. When the county clerk has performed his duty in connection with the signing, sealing and mailing of absent voters' ballots in such a way as to authenticate and identify them in such a manner as to cause the voter who received them, upon inspection thereof, to conclude that the ballot is official, and such authentication and identification is accepted as being proper, by the various election board officials in all the precincts to which any absent voters' ballots are returned, then it must be said that such authentication and identification satisfies the requirements of the statute." *Brown v. Grzeskowiak* (1951), 230 Ind. 110, 133, 134, 101 N. E. 2d 639, 102 N. E. 2d 372.

The ballots in the case at bar meet the above test in every way. The Trial Court was, therefore, correct in his decision that these ballots be counted.

Some of these ballots in addition to failure to have a poll clerk's initials also are challenged by reason of retracings on the X's. However, an examination of each of these ballots discloses that the retracings are of such a nature as to not constitute distinguishing marks and clearly demonstrate the wish of the voter in each instance.

An examination of Exhibit No. 50 discloses that it is a ballot containing an X in the party emblem circle. The X was

apparently made in a hasty manner and the pencil lifted from the paper in such a manner as to cause inadvertent spur marks on the X. Under *Sims v. George, supra,* this is not such a distinguishing mark as to invalidate the ballot.

As to Exhibit No. 58, an examination discloses this ballot to be a split or scratch vote. The X's made in each instance are not artfully drawn because of what appears to be a malfunctioning pen. *Wade v. McKibben, supra; Nicely v. Wildey, supra; Craney v. Traylor, supra.*

The Trial Court was correct in his decision to count Exhibits 50 and 58.

Since the original ballots are properly within the Transcript in this case, it is within the jurisdiction of this Court to weigh the evidence and to order such a judgment or decree as may be proper. *Dowden v. Benham* (1955), 234 Ind. 103, 109, 123 N. E. 2d 872, *supra* Inasmuch as we have held above that the Trial Court was in error in failing to count Exhibits 4, 6, 9, 11, 15, 30, 37 and 40, and that the Trial Court was in error in counting Exhibit 55, this case is hereby remanded and it is hereby ordered that the Trial Court restate its judgment showing that the appellant, Basil H. Lorch, Jr., received a total of 7754 votes, and that the appellee had a total of 7750 votes, and the judgment be further restated to declare that the appellant, Basil H. Lorch, Jr., was duly elected as city judge for the City of New Albany, Floyd County, Indiana.

Judgment accordingly.

Arterburn and Hunter, JJ., concur.

DeBruler, C. J., dissents with opinion in which Jackson, J., concurs.

## DISSENTING OPINION

DeBruler, C. J.—Following a recount of the votes cast in the 1967 city election for the office of City Judge of the City of New Albany, Indiana, wherein the appellee and appellant were the sole candidates for said office, a recount commission, appointed by the Judge of the Floyd Circuit Court, declared the appellant to be the winner by a margin of three votes. The recount commission reported that the appellee had received 7736 votes and the appellant had received 7739 votes. Following trial the said judge entered judgment to the effect that the appellee had been elected by a majority of the votes cast. The court adjudged that the appellant had received 7747 and the appellee had received 7750.

On appeal the majority in its opinion has awarded the appellant an additional seven votes which had been declared void by the trial court. The majority further awards the appellee one additional vote and declares one vote for the appellee void which the trial court had awarded him. The majority, therefore, declares the appellant the winner of the election by a margin of four votes, the appellant being awarded a total of 7754 votes, and the appellee being awarded 7750 votes.

I dissent from the opinion of the majority on three grounds, namely: (1) the majority incorrectly cites the statutory rules as contained in a publication of the State Election Board entitled *Town Election Laws of Indiana*, 1967, as being the controlling standards governing the validity of the ballots in the case at bar; (2) the majority fails to apply the standards for invalidating ballots for failing to have initials of the poll clerks endorsed upon them contained in Burns' IND. STAT. ANN. § 29-5201; and (3) the majority applies liberal rules validating certain votes cast for the appellant, which were invalidated by the trial court and then does not apply the same rules to the votes cast for the appellee which were invalidated by the trial judge. I concur with the majority opinion in that it validates additional votes for the appellant

which had been found void by the trial court and concur in the majority opinion wherein it validates an additional vote for the appellee and then invalidates another.

My first concern is that the State Election Board publication does not incorporate the important amendments made to Burns' IND. STAT. ANN. § 29-5218 by the Acts of the General Assembly of 1965. All of these amendments are clearly set out and explained in the compiler's note to Burns' § 29-5218, *supra,* and I only copy the following which is the present Rule 7, which in my judgment is indicative of the tenor of all of these amendments by the Acts of 1965.

> "Rule 7. The intent of the voter shall be the primary factor to be considered in determining the voter's choice on a ballot, and if such intent may be determined on the ballot or part of a ballot then the vote shall be counted as to the candidate or candidates effected [affected] thereby: Provided, however any part of a ballot, from which it is impossible to determine the elector's choice of candidates, shall not be counted as to the candidate, or candidates, affected thereby."

Since the *Town Election Laws of Indiana,* 1967, does not incorporate or refer to the amendments made by the Acts of 1965, it should not be cited as controlling in this case.

In the second place, there are fifteen (15) disputed ballots in this case upon which no initials of the poll clerks appear. These are ballots numbered 7, 8, 18, 19, 21, 31, 32, 34, 38, 62, 63, 64, 65, 66 and 67. Nine (9) of these were found valid by both the majority and the trial court and counted for the appellant, and six (6) of them were found valid by the majority and the trial court and counted for the appellee. All fifteen (15) of these should be declared void and not counted for either candidate under the clear mandate of Burns' § 29-5201, *supra.*

> ". . . And in the canvass of the votes any member of the election board may protest as to the counting of any ballot, or any part thereof, and any ballot which is not indorsed

with the initial of the clerks, as provided for in this act [chs. 28-60 of this title], . . . shall be void, and shall not be counted. . . ."

The policy of invalidating such ballots should be maintained by this Court as it is an effective guard against election fraud and insures that the will of the majority will prevail. This policy was upheld by this Court in the case of *Sims v. George* (1968), 250 Ind. 595, 236 N. E. 2d 820, wherein this Court stated as follows:

"Ballots D 85 and D 86 were official ballots purporting to be absentee ballots voted without poll clerk's initials on the back. They were enclosed in an absentee ballot envelope. Exhibit D 85 had an application enclosed with it for a voter's ballot signed by one Bernard W. Carrico. *There are other defects with reference to distinguishing marks on these exhibits which we need not go into.*

" 'The whole ballot is void if the voter (a) does any act extrinsic to the ballot such as enclosing any paper or (b) makes any mark thereon other than a cross X mark on or in a voting square or circle . . .' Burns' Ind. Stat. Anno. § 29-5218 (Rule 1) [1967 Supp.].

" 'Any ballot on which an elector shall write his name . . . or special symbol, such as a star, circle, parallel lines, circle, dots or any combination thereof shall be void.' Burns' Ind. Stat. Anno. § 25-5218 (Rule 8 [1967 Supp.].

" '. . . And in the canvas of the votes any member of the election board may protest as to the counting of any ballot, or any part thereof, and any ballot which is not indorsed with the initial of the clerks as provided for in this act, and any ballot which shall bear any distinguishing mark or multilation shall be void, and shall not be counted, . . .' Burns' Ind. Stat. Anno. § 29-5201 [1949 Repl.].

" '. . . Before mailing any ballot, the clerk shall affix his official seal and place his signature near the lower left hand corner on the back thereof *leaving sufficient space on the margin of such ballot for the initials of the poll clerks.*' Burns' Ind. Stat. Anno. § 29-4907 [1967 Supp.]. (Our emphasis.)

"The trial court erred in counting Exhibits D 85 and D 86 for the appellee. Exhibits D 87 and D 88 are envelopes

in which the ballots were contained." (Emphasis added.) 236 N. E. 2d at 822, 823.

Finally, the majority validates certain votes cast for the appellant even though the X mark made on them by the voter was "irregular," "unartfully made," was an "imperfect cross," was made "in an unsteady manner" and even though there were some smear marks on the ballot made by folding while the ink was wet, and even though an unartfully made X had been retraced.

Upon the basis of these analyses made by the majority, Exhibits No. 25 and 60, which were voided, should be counted for the appellee. Exhibit No. 25 is a vote cast for the appellee signified by a retraced X mark. This X mark is formed by the intersection of six separate lines. It is indistinguishable in any relevant aspect from the X marks on Exhibits No. 6, 11, 15 and 30, which in each case, was formed by the intersection of more than two lines. On each of those ballots the lines making up the X mark did not all intersect at the same point, but intersected at very irregular intervals. The majority validates Exhibits No. 6, 11, 15 and 30, and should likewise validate Exhibit No. 25.

Exhibit No. 60 is a ballot containing a vote for the appellee. On this ballot is a plain X marked in the circle containing the party emblem. This mark is superimposed over a faint line through the center of the X. This is obviously a case where the voter first drew a line to make an X which resulted in only a faint line; and he thereupon made a clear X mark over this faint line. This ballot is almost identical to Exhibit No. 40 and cannot be differentiated from Exhibit No. 40 in any relevant aspect. The majority validated Exhibit No. 40 and counted it for the appellant and should, therefore, in order to be consistent, validate Exhibit No. 60 and count it for the appellee.

I would conclude that nine (9) votes counted by the majority for the appellant are void under Burns' IND. STAT. ANN.

§ 29-2801 and would determine that appellant received a total of 7745 votes. I would also conclude that six (6) votes counted by the majority for the appellee are void under Burns' § 29-2801, *supra,* and would determine that two (2) votes voided by the majority are valid and should be counted for the appellee and that appellee received a total of 7746 votes.

The trial court judgment that appellee received a majority of the votes cast for the office of City Judge of New Albany, Indiana, in the 1967 town election, should be affirmed.

Jackson, J., concurs.

NOTE.—Reported in 247 N. E. 2d 61.