## KUPCHA v. HARBIN.

[No. 468S68. Filed November 13, 1969. Rehearing denied January 9, 1970.]

*Green, Powers, Belshaw & Danko, John M. O'Drobinak,* of counsel, and *William Belshaw,* all of Whiting, for appellant.

*Martin A. Karr,* East Chicago, *Donald L. Gray, William Obermiller,* both of Whiting, for appellee.

HUNTER, J.—This is an appeal in an election contest. The appellant (petitioner) John Kupcha and the appellee (respondent) Edward D. Harbin were both candidates for the office of City Councilman for the Second Councilmatic District in the 1967 Municipal Election in the City of Whiting, Indiana. The result of the election was challenged and a Recount Commission was appointed to recount certain challenged absentee voters' ballots. In addition to the ballots counted and deemed valid by the Commission, the respondent (appellee) introduced four ballots not counted by the Recount Commission alleging the same should be counted for the appellee (respondent). The Recount Commission certified its report showing a tie vote with both candidates receiving a total of 1,810 votes each. As a result of the foregoing actions the election contest was litigated in the Lake Circuit Court.*

The Lake Circuit Court considered all of said ballots and ruled in the same identical manner as the Recount Commission and judicially decreed a tie vote. This appeal therefore ensues from the finding and judgment of the trial court decreeing a tie vote as follows: John Kupcha—1,810 votes; Edward D. Harbin—1,810 votes. In the trial court the petitioner (appellant) introduced 27 exhibits identified as exhibit numbers P-1 through P-27 inclusive, all of which were counted for the appellee Edward D. Harbin by the Recount Commission and the trial court also counted said ballots as valid to arrive at a total vote of 1,810 for the appellee. All of said ballots numbers 1 through 27 are challenged in this appeal by the appellant.

---

* The transcript was filed April 29, 1968, and the case was transferred to this office upon re-assignment on September 15, 1969. Appellee filed motion to dismiss and was granted an extension of time to file brief on said motion. Appellee's motion to dismiss was overruled on June 27, 1968, and extension of time was granted to appellee to July 26 in which to file his brief. Appellee's second petition for extension to file brief was granted on July 30. Appellee's third petition for time to file brief was granted on August 12 extending the time to September 16, 1968. Appellant's petition for advancement was filed on September 26, 1968, and was never acted upon.

The appellee also introduced 12 exhibits which were identified as exhibits numbers D-1 through D-12 all of which were counted by the Recount Commission for the appellant John Kupcha and were also ruled as valid by the trial court to effectuate its judgment of a tie vote of 1,810 for each candidate.

The trial court's ruling on appellant's exhibits 1 through 27 inclusive which were considered to be valid and counted for the appellee Edward D. Harbin was erroneous. In the aggregate said ballots included not only spur marks and prongs, but also lines extending outside the circles and outside the squares. They also included double, triple and quadruple parallel lines that upon examination clearly show they were not made by a split pencil but were deliberately made with additional parallel lines. *Sims* v. *George* (1968), 250 Ind. 595, 236 N. E. 2d 820, *Dowden* v. *Benham* (1955), 234 Ind. 103, 123 N. E. 2d 872. In addition to the above descriptions of some of the ballots there were other ballots containing marks forming what appears to be a "cross bow" or "strung bow" and also should have been rejected as bearing distinguishing marks under the authority of *Howell* v. *Blackburn* (1957), 236 Ind. 242, 139 N. E. 2d 905.

Such ballots are ruled to contain distinguishing marks and therefore the court erred in counting them pursuant to Ind. Ann. Stat. § 29-5201 (1969 Repl.) which states in part:

". . . and any ballot which shall bear any distinguishing mark or mutilation shall be void, and shall not be counted, . . ."

Rule 1(b) of Ind. Ann. Stat. § 29-5218 (1969 Repl.) states in part:

"The whole ballot is void if the voter . . . (b) makes any mark thereon other than a cross X mark on or in a voting square or circle . . ."

See also *Sims* v. *George, supra, Howell* v. *Blackburn, supra, Dowden* v. *Benham, supra.*

Appellee's exhibits 13, 14, 15 and 16 were all rejected by the trial court and properly so as containing distinguishing marks. Exhibit 13 contained an X running through the party emblem with the upper right quadrant of the X containing double lines and also containing an additional small x to the right of the party emblem within the circle. No. 14 contained an X mark running through the party emblem in the circle at approximately 90 degrees off center with a more or less vertical line running across one half the right lower quadrant of the large X, another slightly diagonal line running across the upper left quadrant of the party X and also contained a spur mark and still another smaller X in the upper left portion of the party circle above the party emblem. No. 15 contained an X running through the party emblem with the initial "S" in the upper half of said X mark within the circle. No. 16 had a large X running through the party emblem within the circle together with an additional X at the upper left extremity of the large X. All of said four exhibits clearly fall within Rule 1(b) of § 29-5218, *supra*. See *Sims* v. *George, supra, Howell* v. *Blackburn, supra, Dowden* v. *Benham, supra.* Said ballots did not figure in the total ballots counted by the Recount Commission or the Court for the appellee Edward D. Harbin and therefore were not tabulated in his total vote of 1,810.

At the conclusion of the court's rulings on the appellant's exhibits 1 through 27 inclusive, the attorney for the appellee waived presentation of objections to appellee's exhibits 1 through 12 which were counted by the court for the appellant John Kupcha and were tabulated as part of his total vote of 1,810 as decreed by the court.

The appellee having waived objections to said ballots #1 through 12 inclusive placed into evidence by him precludes the necessity of this court ruling on said ballots for they are not before this court on an assignment of cross errors. Although we are not considering said appellee's exhibits D-1 through D-12 some of said ballots if they were properly before this court on challenge by appeal would be subject to the same

criticism as the appellant's challenges to the ballots P-1 through P-27 inclusive.

As a result of our consideration of contested ballots on this appeal only, we hold that John Kupcha was duly elected with a vote of 1,810 over Edward D. Harbin whose corrected vote, therefore, should be 1,783.

For all the foregoing reasons the judgment of the trial court should be reversed and this cause remanded to the trial court with instructions. John Kupcha is hereby declared to be the winner of said election. The trial court is hereby ordered to enter a judgment for John Kupcha consistent with this opinion.

Judgment reversed and remanded.

Arterburn and Givan, JJ., concur; DeBruler, C.J., and Jackson, J., dissent.

NOTE.—Reported in 252 N. E. 2d 245.